Charles W. LAW, Plaintiff-Appellant,

v.

UNITED AIR LINES, INC., a corporation, Defendant-Appellee.

No. 75–1043.

United States Court of Appeals, Tenth Circuit.

July 17, 1975.

Charles W. Law, pro se.

Richard O. Campbell, of Montgomery, Little, Young, Ogilvie, Campbell & McGrew, Denver, Colo. (of counsel, Earl G. Dolan, Kenneth A. Knutson, Chicago, Ill.), for appellee.

Before LEWIS, Chief Judge, and BARRETT and DOYLE, Circuit Judges.

PER CURIAM.

This action was filed on April 1, 1974, in the District Court for the District of Colorado alleging a claim for damages against United Air Lines arising under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* The trial court summarily dismissed the action and this appeal followed. The undisputed facts as they appear from the pleadings and affidavits filed in support and opposition to summary judgment may be summarized.

On June 13, 1968, plaintiff, being fully qualified for employment as a flight engineer and then 47 years of age, filed an application with United for such position. United refused consideration of the application because of plaintiff's age. Similar applications were made by plaintiff to and including July 25, 1973, and were rejected by United. On September 25, 1973, plaintiff formally notified the Secretary of Labor of intent to file a civil suit, such notice being required as precedent to such an action as provided by section 7(d) of the Act.[1]

It thus appears from the face of the complaint that notice to the Secretary was not given within 180 days after United's alleged discriminatory conduct of June 13, 1968, but that the action was filed subsequent to the sixty day period required as a waiting period following notice.

United hired no flight engineers between February, 1970, and the date this action was filed.

 The trial court held that the lodging of the notice of intent to file a civil action under the subject Act was a jurisdictional prerequisite to plaintiff's alleged cause of action, that an employer's violation of the Act was not to be considered as a continuing violation and when combined with United's employment record for flight engineers concluded that plaintiff's claim was clearly barred by the applicable statute and admitted facts. The trial court's judgment was based on the reasoning and result reached by the Fifth Circuit in Powell v. Southwestern Bell Telephone Co., 494 F.2d 485. We are in accord with Powell and it follows that the case was ripe for summary disposition and correctly decided by the trial court.

Affirmed.

---

1. Section 7(d) of the Act, 29 U.S.C. § 626(d), provides in pertinent part:

No civil action may be commenced by any individual under this section until the individual has given the Secretary not less than sixty days' notice of an intent to file such action. Such notice shall be filed—

(1) within one hundred and eighty days after the alleged unlawful practice occurred

. . . .

Section 7(e) of the Act, 29 U.S.C. § 626(e), establishes a statute of limitations for the statutory action at two years for non-willful violations, three years for willful violations.