Anne M. DARTT, Plaintiff-Appellant,

v.

SHELL OIL COMPANY,
Defendant-Appellee.

No. 75–1277.

United States Court of Appeals,
Tenth Circuit.

Argued and Submitted Jan. 29, 1976.

Decided July 22, 1976.

Rehearing Denied Aug. 19, 1976.

Jefferson G. Greer of Greer & Greer, Tulsa, Okl., on the brief, for appellant.

Mary T. Matthies of Kothe, Nichols & Wolfe, Tulsa, Okl., for appellee.

Jacob I. Karro, Washington, D. C. (William J. Kilberg, Sol. of Labor, Carin Ann Clauss, Associate Sol., Sylvia S. Ellison, Paul D. Brenner, Washington, D. C., and Ronald M. Gaswirth, Regional Sol., Dallas, Tex., of counsel, on the brief), for The Secretary of Labor as amicus curiae.

Before LEWIS, Chief Judge, and BREITENSTEIN and BARRETT, Circuit Judges.

LEWIS, Chief Judge.

Mrs. Anne M. Dartt sued the defendant Shell Oil Company alleging violations of the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. §§ 621 et seq., and the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 et seq. The trial court dismissed Dartt's action for lack of subject matter jurisdiction because of Dartt's failure to file her notice of intent to sue within the 180-day period as required under 29 U.S.C. § 626(d)(1).[1]

Dartt had been employed at Shell's Credit Card Center in Tulsa, Oklahoma, from January 3, 1966, to July 31, 1973, at which time she was discharged. Ostensibly, Dartt was terminated by Shell because a reorganization of the credit card department had left her without any work. Dartt, who was fifty-one years of age at the time of her termination, believed that her discharge was prompted because of her age and therefore contacted an attorney. She was told by this attorney that it was unnecessary to have an attorney and that she should instead contact the Federal Wage and Hour Division. Pursuant to this advice, on August 9, 1973, Dartt met with J. Dean Speer, the Assistant Area Director of the Department of Labor's Wage and Hour Division in Tulsa. Mr. Speer interviewed Dartt, filled out the Department's complaint form, and instructed Dartt that he would investigate. When asked how long the investigation would take, Speer responded that it might take a year.

Believing that he had a good working relationship with Shell, Speer called Shell immediately following Dartt's visit to his office in an attempt to conciliate Dartt's complaint. Speer met several times with Shell's manager of employee relations, but concluded that his conciliation efforts with Shell were unsuccessful and moved into what he termed "an investigative posture." At this time Shell agreed to make internal studies and to prepare statistical information on its hiring and promotion practices as requested by Speer in his investigation of Dartt's complaint.

Finally, after not having received the requested information from Shell, Speer notified Dartt by letter dated March 5, 1974, that there would be some delay in completing the investigation. In this letter Speer discussed her private right to sue, enclosed a pamphlet detailing the provisions of the ADEA, and directed Dartt's attention to the time limitations for filing one's own lawsuit. Dartt testified that the letter and pamphlet constituted her first actual notice of her right to bring a private action and the 180-day notice requirement. She immediately retained private counsel who on March 14, 1974, mailed a letter to the Tulsa office of the Department of Labor giving notice of Dartt's intention to file a private lawsuit against Shell for violation of the ADEA.

After receiving this notice, Speer attempted to "reconciliate" Dartt's complaint, again without success. Speer notified Dartt's attorney on May 16, 1974, that the Department's efforts had proved unsuccessful and that she was free to take whatever action she wished. The present lawsuit was filed as a class action on May 21, 1974.

Dartt advances essentially two arguments on appeal: (1) While admitting that

---

1. Section 626(d) provides in part:

     No civil action may be commenced by any individual under this section until the individual has given the Secretary not less than sixty days' notice of an intent to file such action. Such notice shall be filed—

   (1) within one hundred and eighty days after the alleged unlawful practice occurred
   .   .   . .

filing a notice of intent to sue is a prerequisite of a private civil action under the ADEA, Dartt contends that the 180-day period for doing so is not jurisdictional in the sense that it can never be extended and asserts that this is a proper case for such extension; and (2) Even if the 180-day period is not subject to equitable modifications, Dartt's initial complaint to the Wage and Hour Division was adequate to satisfy the requirement of filing a notice of intent to sue. Dartt's latter argument is supported by the Department of Labor in its *amicus curiae* brief.

■ At the start we reject Dartt's second argument. Section 626(d) specifically requires a "notice of an intent to file" a private civil action. To hold that a complaint to the Labor Department of an alleged discriminatory employment practice complies with this requirement, even though the complaint never mentions an intent to file a private civil action under the ADEA, would be in complete disregard of the language of the Act. *Powell v. Southwestern Bell Telephone Co.*, 5 Cir., 494 F.2d 485, 489.

■ The remaining issue in this case is whether the filing of a notice of intent to sue within the 180-day period provided for in section 626(d)(1) is jurisdictional in the traditional sense that failure to comply is an absolute bar to bringing an action or whether the time limitation is more analogous to statutes of limitation and subject to equitable modifications. Admittedly, ample authority supports the trial court's conclusion that compliance with section 626(d)(1) is a "jurisdictional prerequisite" to any private action under the ADEA.[2] However, after examining the cases and the legislative history, we remain unconvinced that Congress intended the failure to file notice within the 180-day notice period to be an absolute bar to bringing an ADEA private action.

Because of the similarities between the ADEA and Title VII of the Civil Rights Act of 1964, courts sometimes refer to interpretations of provisions in Title VII for assistance in defining analogous sections of the ADEA. *Moses v. Falstaff Brewing Corp.*, 8 Cir., 525 F.2d 92, 94; *Curry v. Continental Airlines*, 9 Cir., 513 F.2d 691, 693; *Goger v. H. K. Porter Co.*, 3 Cir., 492 F.2d 13, 15. Title VII requires the complainant to file a charge of alleged unlawful employment practices with the Equal Employment Opportunities Commission (EEOC) within 180 days of the alleged discrimination. 42 U.S.C. § 2000e–5(e). Faced with the issue of whether this Title VII time period was jurisdictional or more like a statute of limitations, the Fifth Circuit held:

> The *ratio decidendi*, however, of the leading cases dealing with timing requirements in general under the Act compels the conclusion that the ninety day requirement [amended in 1972 to 180 days] is not "jurisdictional" in the sense that compliance with it *vel non* determines the jurisdiction of the district court, without respect to any of the other circumstances in a particular case. We accept the view that the requirement should be analogized to statutes of limitations. Equitable modifications, such as tolling and estoppel, that are applied to them should also be applied here.

*Reeb v. Economic Opportunity Atlanta, Inc.*, 5 Cir., 516 F.2d 924, 928. *Reeb* is not alone in allowing equitable considerations to toll the time limitations established by Title VII. *See, e. g., Culpepper v. Reynolds Metals Co.*, 5 Cir., 421 F.2d 888, 891; *Antonopulos v. Aerojet-General Corp.*, E.D.Cal., 295 F.Supp. 1390, 1395. The *Reeb* court's holding that the notice period was not jurisdictional in the strict sense was based on

---

**2.** *Ott v. Midland-Ross Corp.*, 6 Cir., 523 F.2d 1367; *Hiscott v. General Elec. Co.*, 6 Cir., 521 F.2d 632; *Edwards v. Kaiser Aluminum & Chemical Sales, Inc.*, 5 Cir., 515 F.2d 1195; *Powell v. Southwestern Bell Tel. Co.*, 5 Cir., 494 F.2d 485; *Raynor v. Great Atl. & Pac. Tea Co.*, E. D.Va., 400 F.Supp. 357; *Vaughn v. Chrysler Corp.*, E.D.Mich., 382 F.Supp. 143; *Oshiro v. Pan Am. World Airways, Inc.*, D.Hawaii, 378 F.Supp. 80; *Cochran v. Ortho Pharmaceutical Co.*, E.D.La., 376 F.Supp. 302; *Burgett v. Cudahy Co.*, D.Kan., 361 F.Supp. 617; *Gebhard v. GAF Corp.*, D.D.C., 59 F.R.D. 504.

the arguments that: (1) Since the complainants under the Act would most likely be laymen, they should not be held to "the technical rules of common law pleading" in filing their charges; (2) Title VII was remedial legislation and therefore entitled to a liberal construction; and (3) Many of the cases calling the time limitation "jurisdictional" were suffering from a "conceptual confusion" since having labeled the requirement jurisdictional they proceeded to toll the time limitation for equitable reasons.

This court has also determined that under certain conditions the 180-day period for filing charges with the EEOC may be tolled. *Sanchez v. Trans World Airlines, Inc.,* 10 Cir., 499 F.2d 1107, 1108. *See also Archuleta v. Duffy's Inc.,* 10 Cir., 471 F.2d 33 & n.1 (where this court referred to the time limitation for filing a civil action after receiving a right-to-sue notice from the EEOC as a "statute of limitations").

Many of the arguments advanced for tolling Title VII time limitations are applicable to the time limitations in the ADEA. In a recent case discussing section 626(d)(1) time limitations, a court observed that the confusing use of the term "jurisdictional" in some Title VII cases was also occurring in ADEA cases: "Many courts have labeled the filing requirements 'jurisdictional' but have treated them as analogous to statutes of limitations and subject to equitable modifications." *Skoglund v. Singer Co.,* D.N.H., 403 F.Supp. 797, 804. For example, a recent Fifth Circuit case held that section 626(d)(1) prerequisites were jurisdictional, but proceeded to outline several instances where the 180-day notice period might be tolled. *Edwards v. Kaiser Aluminum & Chemical Sales, Inc.,* 5 Cir., 515 F.2d 1195, 1198. In dictum, the court suggested that the period might be tolled until an aggrieved employee obtained legal counsel or acquired an actual knowledge of his rights under the ADEA. The court concluded, however, that it need not determine whether tolling was allowable because the plaintiff in that case had failed "to file notice within 180 days of securing counsel or within 180 days of actual knowledge." *Id.* Thus, it appears that even though the Fifth Circuit was the first court of appeals to label section 626(d)(1) requirements as jurisdictional, *Powell, supra,* it has left the door open for possible equitable modification of the 180-day notice period. This conclusion is further supported by the Fifth Circuit's determination that the analogous time limitation in Title VII was not jurisdictional, but subject to modifications. *Reeb, supra.*

Other cases dealing with the ADEA time limitations have also confusingly used the label "jurisdictional" while allowing a liberal interpretation of ADEA requirements. *See, Moses, supra; Burgett v. Cudahy Co.,* D.Kan., 361 F.Supp. 617. These conceptual difficulties appear to be caused by an overly broad usage of the term "jurisdictional."

Other arguments support a determination that section 626(d)(1)'s time limitation should be treated as analogous to a statute of limitations. The ADEA is remedial and humanitarian legislation and should be liberally interpreted to effectuate the congressional purpose of ending age discrimination in employment. *Moses, supra* at 93; *Skoglund, supra* at 801. Additionally, strict compliance with section 626(d)(1)'s time limitation should not be required of laymen attempting to enforce their statutory rights. *Skoglund, supra* at 801; *Woodford v. Kinney Shoe Corp.,* N.D. Ga., 369 F.Supp. 911, 915. *See also Love v. Pullman Co.,* 404 U.S. 522, 527, 92 S.Ct. 616, 30 L.Ed.2d 679; *Reeb, supra* at 928.

We do not contend that a filing of a notice of intent to sue is not a condition precedent to an action under the ADEA. However, the similarities between Title VII and the ADEA, the liberal reading of analogous time limitations in Title VII, the overly broad usage of the term "jurisdictional" by courts interpreting section 626(d) of the ADEA, the remedial nature of the legislation, and the lack of legal training and guidance for many of the ADEA complainants lead us to conclude that while section 626(d)(1)'s notice of intent-to-sue requirement cannot be waived, the 180-day time limitation should be interpreted as being

subject to possible tolling and estoppel.[3] *See Moses, supra* ; *Skoglund, supra; Woodford, supra* ; and *Bishop v. Jelleff Associates,* D.D.C., 398 F.Supp. 579.

■ Left for consideration is the determination of whether the circumstances surrounding Dartt's complaint contain equitable factors warranting a tolling of the 180-day notice period. Placing emphasis upon Dartt's presumptive knowledge of the law and constructive notice from Shell's posted notices, discussed *infra,* note 5, the trial court held that Dartt was entitled to no equitable relief by way of tolling. We do not agree. Initially, Mrs. Dartt consulted an attorney who told her to take her complaint to the Labor Department's local Wage and Hour Division office.[4] Dartt promptly did so and was told by Mr. Speer, Assistant Area Director, that it might take up to a year before the investigation was concluded. Anxious to check on the progress of her case, Mrs. Dartt testified that after her initial interview with Mr. Speer, she telephoned Speer at least once a month. It was not until after the 180-day period had run that Dartt was informed that in order to bring a private lawsuit against Shell she would have to file notice of intent to sue within 180 days of the alleged discriminatory act. Immediately Dartt retained another attorney who promptly filed the requisite notice of intent to sue, even though it was 36 days beyond the statutory time period.

■ An important factor in determining whether to exercise this court's equitable powers to toll section 626(d)(1)'s time limitation is whether to do so would be in keeping with the congressional purpose of the ADEA. The two basic purposes behind the 180-day notice requirement are: (1) To provide the Labor Department with an opportunity to achieve a conciliation of the complaint while the complaint is still fresh, and (2) to give early notice to the employer of a possible lawsuit, the latter promoting both the preservation of evidence and good faith negotiating on the part of the employer during the conciliation period. *Moses, supra* at 94; *Powell, supra* at 488. From the record it appears that both of these purposes were fulfilled in spite of Dartt's tardy filing of the notice of intent to sue. Shell received early notification of Dartt's allegations; a Shell representative was contacted by telephone the same day that Dart registered her allegations with the Labor Department. Also, the Labor Department attempted to conciliate Dartt's complaint

---

**3.** This conclusion is not inapposite to our recent holding in *Law v. United Air Lines, Inc.,* 10 Cir., 519 F.2d 170. In *Law* we found that filing of the notice was a "precedent" to a private action. In support of said proposition, we stated that we were "in accord with *Powell." Id.* at 171. Tolling was not an issue in *Law* since the notice was filed more than 5 years after the alleged discriminatory act. Also, as we noted in our discussion of *Edwards, supra,* the Fifth Circuit did not intend to "close the door" on possible equitable modifications of section 626(d)(1)'s time limitations by its *Powell* decision. The Fifth Circuit itself noted that it was partially rejecting the plaintiff's tolling theory because the plaintiff "was expressly alerted to the time limitations for possible action, both private and agency assisted." *Powell, supra* at 490. The court in *Powell* simply was not faced with a situation where the equities dictated a tolling. Neither were we in *Law.*

**4.** Dartt testified that when she telephoned an attorney to discuss Shell's possible infringement of the ADEA, the attorney responded:

"You don't need an attorney. You need to go to the Federal Wage and Hour Department." Had Dartt's contact been more than a preliminary approach as to possible consultation, we might possibly be led to the conclusion reached in *Edwards, supra,* where the court noted that it would be:

> [A] singularly inappropriate situation for such a remedy, in view of the fact that Edwards consulted an attorney long before the 180 day period ran. In such a circumstance, he had the "means of knowledge" of his ADEA rights, for the very purpose of consulting an attorney is to ascertain what legal redress arises out of a factual situation encompassing a supposed wrong. While it may be inequitable to allow an employer to benefit from his own wrong, it would be at least equally unfair to then hold that the employer is estopped from raising the 180 day bar where the injured employee consulted an attorney who either slept on his client's rights or did not believe he had any under the statute.

*Id.* at 1200 n.8.

following her initial complaint and well before receiving her notice of intent to sue.

There are other facts which tend to support an equitable extension of the 180-day notice period. For example, even though not required to do so by statute, it was the customary practice of Mr. Speer to advise every complainant of the 180-day notice of intent-to-sue requirement, which he did not do in this instance. Furthermore, Speer testified that he was awaiting certain statistical information which Shell had agreed to provide him before sending Mrs. Dartt the letter of March 5 which notified her of her right to bring a private suit under ADEA and the requirement of filing a notice of intent to sue within 180 days of the discriminatory act. In an indirect manner, therefore, Shell's failure to provide the agreed upon information to the Wage and Hour Division contributed to Speer's failure to notify Dartt of her right to sue prior to the running of the 180-day period. Finally, even though Congress inserted a requirement that employers must post such information pertaining to the ADEA "as the Secretary [of Labor] deems appropriate to effectuate the purposes of [the Act]," 29 U.S.C. § 627, such notice posted by Shell, even though provided by the Wage and Hour Division, was completely inadequate to inform Dartt as to the 180-day notice requirement.[5]

We cannot fault Dartt in her efforts to present her cause. She twice promptly sought private legal advice and twice promptly followed that advice. Short of anticipating an administrative dereliction by the Wage and Hour Division, despite her prodding of that agency, it was not to be expected that lapse of time would void her cause. This is not a case of a plaintiff sleeping on her rights nor a defendant in any way being prejudiced thereby either presumptively or in fact. In light of these circumstances and the *de facto* fulfillment of the main purposes of the Act, we hold that the time limitation was tolled until the filing of Dartt's notice of intent to sue.

Reversed and remanded for further proceedings consistent with this decision.

---

5. The printed notice which was furnished to Shell by the Department of Labor noted that the ADEA was applicable to persons age 40 to 65, listed the employers who were subject to the Act, and stated:

> If you feel you have been discriminated against in matters of hiring, discharge, compensation, or other phases of employment because of your age, contact the:
> U.S. Department of Labor

Wage and Hour Division
Without discussing whether the notice adequately complied with Congress' language that the notice set forth "information as the Secretary deems appropriate to effectuate the purposes of" the ADEA, 29 U.S.C. § 627, we could not in good conscience hold Dartt to strict compliance of the 180-day notice period by constructive notice of this posting.