**Wendell BLACK, Plaintiff,**

v.

**HUNTER PACKING COMPANY, an Illinois Corporation, Defendant.**

**Civ. No. 763126.**

United States District Court,
E. D. Illinois.

Jan. 28, 1977.

George L. Parker, Land of Lincoln Legal Assistance Foundation, Inc., East St. Louis, Ill., for plaintiff.

Daniel J. Sullivan, Lewis, Rice, Tucker, Allen & Chubb, St. Louis, Mo., Richard M. Roessler, Gundlach, Lee, Eggmann, Boyle & Roessler, Belleville, Ill., for defendant.

## ORDER

FOREMAN, District Judge: ·

This case is before the Court on defendant's Motion to Dismiss.

Plaintiff, fifty-two years of age, claims that he was terminated from his employment at Hunter Packing Company because of age discrimination. Jurisdiction is invoked pursuant to Age Discrimination in Employment (ADEA), 29 U.S.C. § 626(c) and 29 U.S.C. § 217.

Defendant has moved to dismiss this cause for failure to comply with 29 U.S.C. § 626(d).

(d) No civil action may be commenced by any individual under this section until the individual has given the Secretary not less than sixty days' notice of an intent to file such action. Such notice shall be filed—

(1) within one hundred and eighty days after the alleged unlawful practice occurred, or

(2) in a case to which section 633(b) of this title applies, within three hundred days after the alleged unlawful practice occurred or within thirty days after receipt by the individual of notice of termination of proceedings under State law, whichever is earlier.

Upon receiving a notice of intent to sue, the Secretary shall promptly notify all persons named therein as prospective defendants in the action and shall promptly seek to eliminate any alleged unlawful practice by informal methods of conciliation, conference, and persuasion.

Plaintiff admits that he gave notice of his intent to file suit 220 days after his alleged unlawful discharge and not within 180 days as required by § 626(d). However, it is plaintiff's contention that the running of the 180 day statute was tolled by his efforts to find the appropriate agency to which he should direct his charge of unlawful discharge. A notarized affidavit was submitted by plaintiff detailing his efforts to obtain relief.

The affidavit states as follows:

1. After I received notice of my discharge on July 17, 1975 from Hunters I attempted to contact the appropriate governmental agency in order to complain of my discharge from employment.

2. As part of my effort to contact the appropriate governmental agency I talked prior to September 1, 1975 to a representative of the Veteran's Commission at 4807 West Main, Belleville, Illinois.

3. This man referred me to the Illinois Fair Employment Practices Commission (FEPC) and to Mr. Howard West, U. S. Veterans Employment Service, U. S. Dept. of Labor, 910 S. Michigan Avenue, Chicago, Illinois.

4. Pursuant to this advice I promptly wrote letters to both the FEPC in Springfield, Illinois and to the U. S. Dept. of Labor.

5. The FEPC advised me by a letter dated September 3, 1975 that it did not handle age discrimination complaints and referred me to the Illinois Department of Labor (copy of letter is attached).

6. On September 4, 1975 I wrote to the Illinois Department of Labor, Springfield, Illinois.

7. By letter dated September 10, 1975 the Illinois Department of Labor informed me that it did not handle age discrimination matters and referred me to the Equal Employment Opportunity Commission (EEOC) in Chicago or the National Labor Relations Board (copy of letter is attached).

8. In response to this advice I wrote to the EEOC in Chicago, Illinois. I have never received a response from the EEOC in Chicago.

9. I received a telephone call in September, 1975 from a man who identified himself as a local representative of the U. S. Veterans Employment Service, U. S. Department of Labor. He said Mr. West had asked him to call me in response to my letter (see paragraph 3 and 4 above). He informed me that his agency did not handle age discrimination complaints. He made no suggestion or referral to another governmental agency to which I might contact.

10. I also wrote to Rep. Melvin Price as part of my effort to contact the appropriate governmental agency.

11. By letter Rep. Melvin Price directed me to the EEOC in St. Louis, Missouri (copy of letter is attached).

12. Pursuant to this advice my wife, Lois Black, telephoned the EEOC in St. Louis, Missouri. She has informed me that EEOC in St. Louis referred her to the Illinois Department of Labor.

13. My wife, Lois Black without success made several other telephone calls on my behalf seeking to locate the appropriate governmental agency to which to make an age discrimination complaint.

14. In November 1975, I believe, I sought advice from Mr. Tom Adams, an attorney in Columbia, Illinois. Mr. Adams gave me no advice regarding the appropriate governmental agency to which to complain regarding an age discrimination complaint at an interview in his office.

15. All of the facts state in paragraphs 1–14 above occurred after July 17, 1975 and before January 20, 1976.

16. On or about February 10, 1976 as a result of a telephone call my wife, Lois Black said she made to the East St. Louis Civil Rights Commission on or about February 10, 1976, we made an appointment to see an attorney with Land of Lincoln Legal Assistance Foundation, Inc.

17. On or about February 15, 1976 George Parker with Land of Lincoln Legal Assistance Foundation, Inc., informed me of the requirement to file a notice of intent to sue with the U. S. Department of Labor, Wage & Hour Division.

18. Prior to February 15, 1976 I had no knowledge or information that the appropriate governmental agency was the U. S. Department of Labor, Wage & Hour Division. Neither had I ever previously known of the 180 day requirement. On or about February 18, 1976 pursuant to the knowledge I obtained from George Parker, I filed a notice of intent to sue with the U. S. Department of Labor, Springfield, Illinois (copy of notice is attached).

There are two issues presented by this case. The first is whether the filing of a notice of intent to sue within 180 days is jurisdictional in the sense that failure to comply is an absolute bar to bringing an action, or whether the time limitation is subject to equitable tolling. The second question is whether the circumstances of this case present sufficient equitable considerations which would toll the running of the statute.

The circuit courts which have considered the question of whether Section 626(d)(1) is jurisdictional have split. See *Dartt v. Shell*, 539 F.2d 1256, 1260 (10th Cir. 1976) (". . . the 180-day time limitation should be interpreted as being subject to possible tolling and estoppel."). But see *Ott v. Midland*, 523 F.2d 1367 (6th Cir. 1975) (The filing of an intent to sue is a jurisdictional requirement.).[1] Accord *Powell v. Southwestern*

1. It is noted that the term "jurisdictional" may be confusing in its use here as some courts have apparently labeled § 626(d) as jurisdictional and also discussed possible equitable modifications. See *Dartt v. Shell Oil Co., supra* at 1260.

*Bell Telephone Company,* 494 F.2d 485 (5th Cir. 1974) and *Hiscott v. General Electric,* 521 F.2d 632 (6th Cir. 1975). See also *Edwards v. Kaiser Aluminum & Chemical Sales,* 515 F.2d 1195 (5th Cir. 1975). (The question of whether equitable considerations may ever result in a tolling was not reached.)

The United States Supreme Court has not spoken to the issue of the time limitations under ADEA directly. However, in a recent opinion, it refused to toll the statutory period for filing a claim with the EEOC during the pendency of grievance procedures under a collective bargaining contract. *International Union of Electrical, Radio & Machine Workers, AFL–CIO Local 790 v. Robbins A. Myers, Inc., et al.,* 429 U.S. 229, 97 S.Ct. 441, 50 L.Ed.2d 427 (1976). In discussing petitioner's arguments the Court stated,

> But the principal answer to this contention is that Congress has already spoken with respect to what it considers acceptable delay when it established a 90-day limitations period, and gave no indication that it considered a "slight" delay followed by 90 days equally acceptable. In defining, Title-VII's jurisdictional prerequisites "with precision," *Alexander v. Gardner-Denver Co., supra* 415 U.S. at 47, 94 S.Ct. at 1019, Congress did not leave to courts the decision as to which delays might or might not be "slight". *Id.* at 240, 97 S.Ct. at 448.

Courts have frequently resorted to Title VII of the Civil Rights Act of 1964 to interpret analogous sections under ADEA. In fact, the Court of Appeals for the Tenth Circuit in *Dartt* had relied on case law under Title VII to support its decision that equitable tolling applied to a case brought under ADEA. See *Dartt v. Shell Oil Co., supra* at 1260 and *Sanchez v. Transworld Airlines Inc.,* 499 F.2d 1107 (10th Cir. 1974).

■ The United States Supreme Court has refused to allow tolling in a Title VII case. This Court is unable to perceive any reason for treating cases under ADEA in a different manner than those pursuant to Title VII on this issue. Because of this decision that § 626(d) is not subject to equitable tolling, the Court need not treat the second issue originally raised by the case, i.e., whether the circumstances of this case warrant tolling. Although the Court finds itself in sympathy with this plaintiff's attempts to discern the appropriate governmental agency to complain to, the Court is unable to proceed without proper jurisdiction.

■ For the foregoing reasons, the Court finds § 626(d) to be jurisdictional in the strict sense. Because plaintiff failed to file his notice of intent to sue within the proscribed period, he is precluded from prosecuting this action. The Motion to Dismiss is hereby GRANTED.