621 F.2d 1042
 22 Fair Empl.Prac.Cas. 1583,
22 Empl. Prac. Dec. P 30,835
Glenann WILKERSON, Appellant,
v.
SIEGFRIED INSURANCE AGENCY, INC., an Oklahoma Corporation;
Cook, Treadwell & Harry, Inc., a Tennessee
Corporation; and Cook Industries, Inc.,
a Delaware Corporation, Appellees.
 No. 79-1287.
 United States Court of Appeals,
Tenth Circuit.
 Argued Jan. 25, 1980.
Decided April 14, 1980.
Rehearing Denied July 15, 1980.
 
 George Hooper of Boyd & Parks, Tulsa, Okl., for appellant.
 Craig W. Hoster of Conner, Winters, Ballaine, Barry & McGowen, Tulsa, Okl. (John S. Athens, Tulsa, Okl., with him on the brief), for appellees.
 Before HOLLOWAY, McWILLIAMS and BARRETT, Circuit Judges.
 McWILLIAMS, Circuit Judge.
 
 
 1
 Glenann Wilkerson, a fifty-year old woman, brought an action against Siegfried Insurance Agency, Inc., an Oklahoma corporation; Cook, Treadwell & Harry, Inc., a Tennessee corporation; and Cook Industries, Inc., a Delaware corporation.[1] Wilkerson alleged that she had been wrongfully discharged from her employment because of her age, in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq., and because of her sex, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5. The gist of the complaint was that after 29 years of employment with Siegfried Insurance Agency, Wilkerson's employment was terminated on the pretext that her job was being eliminated. According to the complaint, Wilkerson later learned that the position had not been abolished, and in fact had been filled by a younger person of the opposite sex.
 
 
 2
 The defendants filed motions for summary judgment with supporting affidavits. Counter affidavits were filed by Wilkerson. The trial court granted the motions and entered summary judgment in favor of the three defendants. Wilkerson now appeals.
 
 
 3
 The basis for the trial court's action on the age discrimination charge was that Wilkerson had failed to file a notice of intent to sue with the Department of Labor within 180 days after the alleged unlawful practice occurred, as required by 29 U.S.C. § 626(d)(1). As concerns the charge of sex discrimination, the trial court held that Wilkerson had failed to timely file a charge of sex discrimination as required by Title VII and the local Oklahoma statutes regarding sex discrimination. 42 U.S.C. § 2000e-5(e); 25 O.S.1975, § 1502(a).
 
 
 4
 Recognizing that under Dartt v. Shell Oil Company, 539 F.2d 1256 (10th Cir. 1976), affirmed per curiam by an equally divided court, 434 U.S. 99, 98 S.Ct. 600, 54 L.Ed.2d 270 (1977), statutory time limitations of the type here involved are subject to possible tolling and estoppel, the trial court held that Wilkerson was not entitled to an equitable tolling of the several statutory time limitations here under consideration. This holding was based on affidavits, and possibly some depositions.[2]
 
 
 5
 On another matter, the trial court held that Wilkerson was an employee of Siegfried, and was not an employee of either Cook, Treadwell & Harris, Inc., or Cook Industries, Inc. It was on this additional ground that summary judgment was entered in favor of those two companies.
 
 
 6
 The parties agree that whether Wilkerson filed timely notices pertaining to age and sex discrimination depends, in the first instance, on when she was discharged from her job by Siegfried. The affidavits show that on March 14, 1975, Wilkerson was advised that her employment was terminated, effective immediately, and that she was sent home from work on that date. She was also advised that she would receive three weeks' vacation pay and six weeks' severance pay. Accordingly, on the books of Siegfried, Wilkerson's termination date was carried as May 16, 1975, which date included the nine weeks' vacation and severance pay.
 
 
 7
 As indicated, it is agreed that if Wilkerson's employment was terminated on March 14, 1975, then none of the notices subsequently filed by Wilkerson was timely filed. Wilkerson's position is that the true date of her termination was not March 14, 1975, but May 16, 1975, when she was separated from the company's payroll records. We disagree and believe that this matter was disposed of properly by the trial judge on the basis of the affidavits before him.
 
 
 8
 If Wilkerson was discharged on March 14, 1975, it is self-evident that Siegfried could not be guilty of discriminatory employment practices against Wilkerson after that date. In arguing that the true date of her termination was May 16, 1975, as carried on the company's books, Wilkerson relies on Moses v. Falstaff Brewing Corporation, 525 F.2d 92 (8th Cir. 1975). That case is supportive of Wilkerson's position, but we believe Moses represents a minority view. The better rule is set forth in Bonham v. Dresser Industries, Inc., 569 F.2d 187 (3rd Cir. 1977), cert. denied, 439 U.S. 821, 99 S.Ct. 87, 58 L.Ed.2d 113 (1978).
 
 
 9
 In Bonham, the Third Circuit, after rejecting the rule of Moses, held that where unequivocal notice of termination and the employee's last day of work coincide, then the allegedly unlawful act will be deemed to have occurred on that date, notwithstanding the employee's continued receipt of certain employee benefits, such as periodic severance payments or extended insurance coverage. To hold to the contrary, said the Third Circuit, would penalize a company for giving severance pay or other extended benefits after the employment relationship has in fact ended. To like effect, see Krzyzewski v. Metropolitan Government of Nashville and Davidson County, 584 F.2d 802, at 805 (6th Cir. 1978) and Ricks v. Delaware State College, 605 F.2d 710 at 711 (3rd Cir. 1979). Indeed, in Greene v. Carter Carburetor Co., 532 F.2d 125 (8th Cir. 1976), a race and sex discrimination case, the Eighth Circuit held that the fact that a discharged employee continued on the payroll because of fringe benefits did not mean that he was not discharged until he was actually separated from the payroll, and that the earlier date of actual discharge triggers the commencement of the time period within which discrimination charges must be filed.
 
 
 10
 In the instant case, the affidavits, in our view, clearly establish that Wilkerson was discharged on March 14, 1975. Under the authorities, the fact that she was kept on the payroll until May 16, 1975, because of vacation and severance pay rights does not alter that fact. Nor does the fact that she may have done some incidental work after March 14, 1975, apparently in connection with her leaving, change the situation. In our view, there is no genuine issue of fact as to when Siegfried discharged Wilkerson. As indicated, if Wilkerson was discharged on March 14, 1975, it is agreed that none of the notices later filed by Wilkerson was timely filed. Under such circumstances, the trial court did not err in entering summary judgment on that issue in the case.
 
 
 11
 As above referred to, in Dartt v. Shell Oil Co., 539 F.2d 1256 (10th Cir. 1976), affirmed per curiam by an equally divided court, 434 U.S. 99, 98 S.Ct. 600, 54 L.Ed.2d 270 (1977), we held that the requirement in the Age Discrimination in Employment Act that an employee must file a notice of intent to sue within 180 days after the alleged unlawful practice is subject to possible tolling and estoppel. Based apparently on affidavits, the trial court held that Wilkerson was not entitled to an equitable tolling of the running of the statutory time period within which notice must be filed. We are of the view that this particular matter could not be resolved by summary judgment, and that its resolution requires an evidentiary hearing. Whether a case warrants a finding of equitable tolling or estoppel almost invariably involves the credibility of the various witnesses. Credibility is difficult to determine from affidavits, or depositions.
 
 
 12
 In Dartt, we mentioned some of the "equitable factors" to be considered by the fact finder in determining whether there should be an equitable tolling of the 180-day notice period. On remand, these factors should be considered anew in the light of the facts developed at the evidentiary hearing.
 
 
 13
 In addition to the factors mentioned in Dartt, action by an employer which misleads an employee and causes him to fail to file notice within 180 days of his discharge is also a factor to be considered in connection with equitable tolling or estoppel. Reeb v. Economic Opportunity Atlanta, Inc., 516 F.2d 924 (5th Cir. 1975). In this regard, the thrust of Wilkerson's complaint is that she had been misled by her employer. According to the complaint, when Wilkerson was discharged by Siegfried, she was advised that her position was being eliminated. If true, such would not be a discharge based on age or sex discrimination. However, according to the complaint, Wilkerson learned sometime later that her job had not been abolished, and that in fact her job had been filled by a younger person of the opposite sex. None of the affidavits controverts the allegations in the complaint that Wilkerson was discharged on pretextual grounds.
 
 
 14
 In sum, we are of the view that the issue of equitable tolling and estoppel cannot here be resolved on the basis of affidavits. By so holding, we are not suggesting that there should be a finding of equitable tolling or estoppel in the instant case. We are simply holding that the issue should be resolved after an evidentiary hearing. Our disposition of the controversy is in accord with Bonham v. Dresser Industries, Inc., supra. There the Third Circuit affirmed the trial court's holding that notice had not been timely filed, but remanded the case to the trial court for a hearing on the question of equitable tolling.
 
 
 15
 As mentioned, the trial court granted summary judgment in favor of Cook, Treadwell & Harry, Inc., and Cook Industries, Inc., on the additional ground that neither was the employer of Wilkerson and that Siegfried Insurance Agency was not the agent for either company. The affidavits clearly indicated that there was no principal-agent relationship between Siegfried and either Cook, Treadwell & Harry or Cook Industries. Siegfried concedes that it was the employer of Wilkerson. Wilkerson in her notices of age and sex discrimination accused Siegfried Insurance Agency alone with discrimination. Under all these circumstances, the trial court did not err in granting summary judgment in favor of Cook, Treadwell & Harry and Cook Industries.
 
 
 16
 The judgment entering summary judgment in favor of Cook, Treadwell & Harry and Cook Industries is affirmed. The judgment entering summary judgment in favor of Siegfried Insurance Agency is reversed and the case remanded for further proceedings consonant with the views herein expressed.
 
 
 
 [1]
 Cook, Treadwell & Harry, Inc., is the parent company of Siegfried Insurance Agency, and Cook Industries, Inc., is the parent company of Cook, Treadwell & Harry, Inc
 
 
 [2]
 The affidavits are a part of the record on appeal. The trial court in its order referred to depositions. However, there are no depositions in the record on appeal