**Edward R. POSEY, Plaintiff-Appellant,**

v.

**SKYLINE CORPORATION,
Defendant-Appellee.**

No. 81–1580.

United States Court of Appeals,
Seventh Circuit.

Submitted on Briefs Jan. 24, 1983.*

Decided March 8, 1983.

Rehearing and Rehearing En Banc
Denied May 9, 1983.

Cudahy, Circuit Judge, dissented with an opinion.

---

* After preliminary examination of the briefs, the court notified the parties that it had tentatively decided oral argument was unnecessary. The notice provided that any party could file a "Statement as to Need for Oral Argument." *See* Fed.R.App.P. 34(a); Circuit Rule 14(f). Neither party filed such a statement. Upon consideration of the briefs and the record, the appeal is submitted for decision without oral argument.

R. Michael Parker, Thornburg, McGill, Deahl, Harman, Carey & Murray, Elkhart, Ind., for defendant-appellee.

Before CUDAHY, ESCHBACH and POSNER, Circuit Judges.

ESCHBACH, Circuit Judge.

Edward R. Posey brought suit against Skyline Corporation, his former employer, for an alleged wrongful discharge in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* The district court granted Skyline's motion for summary judgment on the ground that Posey failed to file a timely charge alleging unlawful discrimination with the EEOC as is required by 29 U.S.C. § 626(d). We affirm.

## I.

For the purposes of our review of the district court's entry of summary judgment, we will construe the facts alleged in their light most favorable to Posey. These factual allegations are found in Posey's pleadings and affidavit.

The Skyline Corporation is engaged in the manufacture and sale of mobile and modular homes in Indiana. Edward Posey was hired by Skyline in 1957 and by 1977 he had been promoted to the position of plant manager. On March 1, 1977, Posey sustained a work-related injury which required the surgical replacement of his left hip joint. He returned to work as plant manager on October 1, 1977.

Posey was reinjured on September 5, 1978, and shortly thereafter was granted a medical leave without pay for an indefinite period of time. On October 13, 1978, without any notification, Posey's employment was terminated. Posey began to receive weekly workmen's compensation benefits on that date. These payments continued until April 1980.

On June 4, 1979, Posey approached Skyline officials to inquire about his profit sharing benefits and the possibility of returning to work. In response to the latter inquiry, Posey was told: "Don't you under-

John J. Gaydos, Herron & Gaydos, Elkhart, Ind., for plaintiff-appellant.

stand? You were terminated on October 13, 1978." Posey replied: "You mean after twenty-two years I was terminated without notice?" Skyline officials, after responding affirmatively, told Posey that he had been terminated because of his age (54) and because of his ill health.

Posey contacted attorney John Gaydos on June 30, 1980, to solicit assistance in acquiring additional workmen's compensation and medical benefits, which had ceased in April of 1980. Posey alleges that at this time he did not realize that he had a potential cause of action under the Age Discrimination in Employment Act. Posey's attorney contacted the legal department of Skyline on July 3, 1980 to discuss "the termination of Posey." A follow-up letter was sent by Posey's attorney to Skyline on July 14, 1980. Evidently, Gaydos was unable to obtain any further benefits for Posey. With this fact in mind, and with the realization that he would not be rehired by Skyline, Posey reviewed the facts of his termination with his attorney on September 18, 1980. It was at this point, Posey asserts, that he realized for the first time that he had a cause of action based on age discrimination. On October 10, 1980, suit was commenced in district court.

On December 22, 1980, Skyline filed a motion for summary judgment, alleging that Posey failed to file the requisite notice of charge of unlawful discrimination with the EEOC within 180 days of the alleged discrimination. On March 3, 1981, Posey filed the required charge with the EEOC. The district court granted Skyline's motion for summary judgment a week later. This appeal followed.

## II.

The Age Discrimination in Employment Act requires in relevant part that:

> No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful

discrimination has been filed with the Secretary. Such a charge shall be filed—

> (1) within 180 days after the alleged unlawful practice occurred;

29 U.S.C. § 626(d)(1). All functions that were vested in the Secretary of Labor pursuant to this Act have been transferred to the Equal Employment Opportunity Commission. *See* 1978 Reorg. Plan No. 1, § 2, 43 F.R. 19807, 92 Stat. 3781. The purposes behind the requirement that a charge be initially filed with the EEOC prior to the commencement of a lawsuit are: (1) to provide the EEOC with an opportunity to achieve a conciliation of the complaint while the complaint is still fresh, and (2) to give early notice to the employer of a possible lawsuit, thereby promoting the preservation of evidence as well as good faith negotiating on the part of the employer during the conciliation period. *Dartt v. Shell Oil Co.,* 539 F.2d 1256, 1261 (10th Cir.1976), *affirmed per curiam by equally divided court,* 434 U.S. 99, 98 S.Ct. 600, 54 L.Ed.2d 270 (1977). A lawsuit may be commenced by an aggrieved party only after a charge has been timely filed with the EEOC, thereby insuring that the EEOC is provided with an opportunity to seek a conciliation between the parties.

■ This Court has held, however, that the 180 day period in which a charge must be filed with the EEOC is not absolute but is subject to equitable modification. *See Kephart v. Institute of Gas Technology,* 581 F.2d 1287, 1289 (7th Cir.1978), *cert. denied,* 450 U.S. 959, 101 S.Ct. 1418, 67 L.Ed.2d 383 (1981). In *Kephart,* we noted that Congress imposed upon employers the duty to post in a conspicuous place a notice which advises employees of their rights under the Age Discrimination in Employment Act. *Id.* at 1289.[1] This posting of notice requirement was apparently deemed necessary by Congress to guarantee that employees would be fully informed of their rights under the ADEA. *Id.* Accordingly, to insure that

---

1. Specifically, section 627 of the Act provides:

    Every employer ... shall post and keep posted in conspicuous places upon its premises a notice to be prepared or approved by the Secretary setting forth information as the Secretary deems appropriate to effectuate the purposes of this chapter.

    29 U.S.C. § 627.

employers would not breach the posting requirement without penalty, as well as to effectuate the remedial purposes of the ADEA, we concluded in *Kephart* that the 180 day period in which a charge must be filed with the EEOC was tolled by an employer's failure to post a conspicuous notice of ADEA rights. Specifically, we held that if an employer fails to post in a conspicuous manner the required notice of ADEA rights, the 180 day period will not begin to run until the employee either retains an attorney or acquires actual knowledge of his rights under the ADEA. *Id.*

In this case Posey argues that he is entitled to the equitable modifications established by *Kephart.* In order to be so entitled, however, there must exist an issue of fact concerning whether Skyline had conspicuously posted the required notice of ADEA rights. Without such a factual dispute, the 180 day period in which a charge must have been filed with the EEOC would have begun to run at the date of the alleged unlawful discharge, in this case being at best June 4, 1979.

To create a question of fact, an adverse party responding to a properly made and supported summary judgment motion must set forth specific facts showing that there is a genuine issue for trial. *See Macklin v. Butler,* 553 F.2d 525, 528 (7th Cir.1977); Rule 56(e), Fed.R.Civ.P. A party may not rest on mere allegations or denials of his pleadings; similarly, a bare contention that an issue of fact exists is insufficient to raise a factual issue. *See Shacket v. Philko Aviation, Inc.,* 681 F.2d 506, 513 n. 8 (7th Cir.1982); *Whitfield v. Gangas,* 507 F.2d 880, 882 (10th Cir.1974). Rule 56 of the Federal Rules of Civil Procedure clearly requires that an adverse party set forth specific facts showing a genuine issue for trial.

As part of its motion for summary judgment, the defendant Skyline Corporation submitted two affidavits to the district court, both averring that Skyline had in fact conspicuously posted the required ADEA notice of rights. The affidavit of Delvin D. Herr, Division Manager of Skyline, stated in pertinent part that:

"I know, of my own personal knowledge, that from and after February 19, 1977, there was continuously posted in the lunch room of the Skyline plant of which I am Division Manager, a notice of an individual's rights under the Age Discrimination in Employment Act. Said notice was conspicuously and continuously posted in the employees' lunch room . . . ."

Robert Szrom, Vice President of Human Resources for Skyline, also averred that:

"Skyline records indicate that the requisite notice to employees of their rights under the Age Discrimination in Employment Act has been continuously posted in the Skyline plant . . . ."

Submitted with this affidavit was a "true copy" of the notice posted by Skyline, as well as photographs of the lunch room where the ADEA notice was posted.

In response to these affidavits, Posey submitted an affidavit in which he personally averred:

"That he frequently, i.e., almost every working day, glanced at the posters on the bulletin board in the employees' lunch room adjacent to the plant's production area of the Goshen plant . . . and promptly read any new posted notices, and that he never saw and does not recall ever reading a notice to employees of their rights under the Age Discrimination in Employment Act as stated in the affidavits of Robert F. Szrom and Delvin D. Herr."

Posey submitted no other evidence suggesting that Skyline Corporation failed to comply with the posting of notice requirement.

Applying the previously discussed principles of summary judgment, we must conclude that Posey's statement is insufficient to create a question of fact concerning whether Skyline had conspicuously posted the ADEA notice. The affidavits submitted by Skyline Corporation uncontrovertedly indicate that the company did indeed conspicuously post the requisite no-

tice.[2] Posey's affidavit merely indicates that Posey never saw the ADEA notice, which is not the same as an averment that the notice was not in fact conspicuously posted. This is no doubt a very close distinction, but it is one we must draw, especially in light of the strict requirements of Rule 56 of the Federal Rules of Civil Procedure. Although it is true that a court should give to the party opposing a summary judgment motion the benefit of all reasonably drawn inferences, *see Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970), the mere possibility that a factual dispute may exist, without more, is an insufficient basis upon which to justify denial of a motion for summary judgment. *See Quinn v. Syracuse Model Neighborhood Corp.,* 613 F.2d 438, 445 (2d Cir.1980). Posey's affidavit perhaps at best hints that a question of fact may exist in this case. Rule 56, however, demands that Posey show *specific* facts indicating that a genuine issue does indeed exist for trial. This requirement simply had not been met. Neither the district court nor this Court has an obligation to hypothesize or speculate about the various implications of Posey's factual presentation. Unsupported by other evidence, Posey's averment that he never saw an ADEA poster at Skyline fails to go far enough to rebut Skyline's unambiguous affidavits.

As such, the 180 day period mandated by § 626(d)(1) began to run at best no later than June 4, 1979, which is the date Posey claims he discovered he had been discharged. Posey's charge of unlawful discrimination was not filed until March 2, 1981, well beyond the 180 day limit. This filing obviously failed to satisfy the requirements of section 626(d)(1).

2. The notice posted at Skyline stated in part that: "If you wish to file your own suit, you must do so within prescribed time limits. It is important to contact the division promptly." Posey argues that even if the company did post a notice, it was inadequate to inform him of the 180 day charge requirement. In support of this contention, he refers to several more recent Department of Labor ADEA posters in which the time requirements of 29 U.S.C. § 626(d) were specifically delineated. We disagree with this contention. Section 627 clearly indicates

### III.

The procedural requirements for commencing an action under the ADEA are clear. There is no question, either of law or fact, that Posey failed to comply with the statutory requirements of section 626(d). Accordingly, the order and judgment of the district court is

AFFIRMED.

CUDAHY, Circuit Judge, dissenting.

I cannot agree that Posey's affidavit fails to state *specific facts.* It is quite specific as to the regularity of his perusal of the bulletin board and as to his practice of promptly reading new notices. It is also quite specific about what he did not see or recall reading. Its only deficiency, if there is one, is in its failure to make explicit the obvious inference to be drawn from the facts set forth, namely that no ADEA notice was posted. Presumably, if Posey had added the statement "Therefore, the ADEA notice described in the affidavits of Szrom and Herr was not posted" to his affidavit quoted by the majority, the issue of material fact would have been indisputably drawn. The majority is applying a rigid common-law pleading approach to summary judgment practice which seems to me manifestly inconsistent with the spirit of the Federal Rules.

Posey "should be given the benefit of all inferences reasonably deducible from the evidence." *Federal Procedure,* L.Ed. § 62:546 (1981); *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 158–59, 90 S.Ct. 1598, 1608–09, 26 L.Ed.2d 142 (1970). Here the majority is simply determining that Szrom

that the content of the ADEA posters is a matter for the Secretary's discretion. The fact that the Secretary later chose to spell out the time requirements of 29 U.S.C. § 626(d) in a more elaborate fashion in no way detracts from the validity of the earlier poster. The notice posted at Skyline was prepared by the Department of Labor and, moreover, made it clear that some time constraints did in fact exist. Posey's argument regarding the adequacy of the ADEA poster must accordingly fail.

and Herr are more credible than Posey. This is a determination which we are not at liberty to make on summary judgment. *See Federal Procedure* § 62:547. Further discovery might eliminate the issue of fact as to posting of the notice without need for trial. However, I do not believe we are free to take impermissible liberties with these quite conflicting affidavits as a short cut to disposition of this case.

I therefore respectfully dissent.