**Helen SITARSKI, Plaintiff,**

v.

**IBM CORPORATION, Defendant.**

**No. 88 C 6867.**

United States District Court,
N.D. Illinois, E.D.

Feb. 17, 1989.

Defendant's Motion for Summary Judgment Granted Feb. 21, 1989.

Lawrence W. Leck, Lawrence W. Leck & Assoc., Chicago, for plaintiff.

A. David P. Radelet, Lisa S. Simmons, Wildman, Harrold, Allen & Dixon, Chicago, for defendant.

## ORDER

NORGLE, District Judge.

Before the court is defendant's motion to dismiss. *See* Fed.R.Civ.P. 12(b)(6). For the following reasons, the motion is treated as a motion for summary judgment, *see* Fed.R.Civ.P. 12(b), 56(b), and is granted.

Plaintiff alleges she was forced to retire because of her age, in violation of the Age Discrimination in Employment Act ("ADEA"). Defendant moves that the Complaint be dismissed for failure to comply with the 300 day limitation period for filing a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). *See* 29 U.S.C. § 626(d)(2). The Complaint alleges that plaintiff was "forced to retire" on August 25, 1986. Yet, plaintiff does not deny that she did not

file an employment discrimination charge until November 4, 1987, more than 400 days after the allegedly discriminatory act.

Plaintiff argues that equitable concerns demand tolling of the limitation period. Because plaintiff has attached an affidavit in support of this argument, the court will treat defendant's motion as a motion for summary judgment. Fed.R.Civ.P. 12(b).[1]

■ Plaintiff's argument that defendant failed to conspicuously post notice of employees' rights under the ADEA is directly controlled by *Posey v. Skyline Corp.,* 702 F.2d 102 (7th Cir.), *cert. denied,* 464 U.S. 960, 104 S.Ct. 392, 78 L.Ed.2d 336 (1983). In *Posey,* the court found that the former employee's mere statement that he had never seen any posted notice of employee rights under the ADEA was insufficient to create a question of fact concerning whether the employer had conspicuously posted the ADEA notice. *Id.* at 105. The court therefore held that the time period established by 29 U.S.C. § 626(d) began to run on the date plaintiff was discharged, and granted summary judgment to the defendant. Here, the only evidence presented by plaintiff that the notice was not conspicuously posted is plaintiff's affidavit testimony that she never saw the notice. Defendant presents affidavit testimony from a first hand witness who testified that she personally posted and maintained the required ADEA notice in the Personnel Records Office Bulletin Board during the entire period that plaintiff worked in the library, and that all employees who worked in the library passed within a couple feet of that bulletin board when going to and from the library. Defendant also presents affidavit testimony that the required ADEA notice was posted in the employee vending area during the time plaintiff worked in the library. Consequently, there is no genuine issue concerning whether defendant conspicuously posted the required ADEA notice.

■ Plaintiff argues that the limitation period should be tolled subsequent to her telephone call to the EEOC. Plaintiff testifies that she phoned the EEOC within 300 days of her termination, and was told that she must file an administrative claim and that she had two years to file a lawsuit, but was not told when she was required to file an administrative claim. Plaintiff does not state that she asked when she must file an administrative claim. Nor does she specify with whom she spoke, or on what date she made the phone call.

Even accepting plaintiff's affidavit testimony as true, the court finds it insufficient to toll the limitation period. Plaintiff's testimony, by its very nature, can be neither verified nor disputed. To allow a plaintiff to escape the time limitation of 29 U.S.C. § 626(d) by alleging an unverifiable phone call to an unnamed person at the EEOC on an unspecified date would make escape from the requirements of Section 626(d) too easily and frequently accomplished. Such frequency would frustrate the purposes of Section 626(d): to allow an opportunity for reconciliation while the complaint is still fresh, and to give early notice of a possible lawsuit to the employer. *See Dartt v. Shell Oil Co.,* 539 F.2d 1256, 1261 (10th Cir.1976), *aff'd,* 434 U.S. 99, 98 S.Ct. 600, 54 L.Ed.2d 270 (1977).

Both cases cited by plaintiff are distinguishable. In *Dartt,* which was affirmed by an equally divided Supreme Court, the plaintiff met with an assistant area director in person, who filled out the department's complaint form and began an investigation within the required time period. Thus, plaintiff's testimony that she had contacted administrative personnel was independent-

---

1. In suggesting that the court should dismiss the Complaint because the Complaint itself contains no allegation supporting an equitable tolling argument, defendant misquotes *Kephart v. Institute of Gas Technology,* 581 F.2d 1287, 1289 (7th Cir.1978) Reply Memorandum at 1–2 (however, the misquote does not rise to the level of sanctionable conduct). In fact, the most appropriate procedural resolution of this case is to address the period of limitation issue by summary judgment. *See* Wright and Miller, *Federal Practice and Procedure: Civil* § 1277 at 337–38. To dismiss the Complaint with leave to amend would only delay the inevitable summary judgment motion, and the court has before it all the information necessary to decide such a motion. As a technical matter, the court must examine evidence outside the Complaint anyway, as defendant's motion relies on evidence outside the Complaint concerning the date plaintiff's EEOC Charge was filed.

ly verifiable through written documentation and outside testimony. Moreover, the two purposes of Section 626(d) were satisfied; the employer received early notice of a possible lawsuit, and conciliation was pursued while the complaint was fresh. *Id.* at 1261. In *Pirone v. Home Insurance Co.,* 507 F.Supp. 1281 (S.D.N.Y.1981), *aff'd,* 742 F.2d 1430 (2nd Cir.1983), the court did not reach the question of equitable tolling, other than to say that it might have to be resolved, depending on whether it was determined at a subsequent evidentiary hearing that the employees' charges were timely. *Dartt* and *Pirone* stand for the proposition that in certain egregious cases, the limitation period will be equitably tolled if administrative action induced detrimental reliance by a plaintiff. However, information omitted in a telephone conversation, as occurred here, does not rise to the level of conduct in *Dartt.* More compelling justification is required to toll a limitation period.

In sum, defendant is granted summary judgment.

IT IS SO ORDERED.