892 F.2d 1046
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William J. LINK, Plaintiff-Appellant,
v.
POSTMASTER GENERAL, UNITED STATES POSTAL SERVICE, Defendant-Appellee.
 No. 88-15153.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 13, 1989.*
Decided Jan. 3, 1990.
 
 Before FARRIS, PREGERSON and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Link, a former letter carrier of the United States Postal Service, claims that his termination from postal employment was an act of discrimination based upon his age and handicap. The district court granted the Postal Service's motion to dismiss for failure to exhaust administrative remedies. We affirm.
 
 
 3
 A federal employee may bring a Title VII employment discrimination action in federal court only after exhausting administrative remedies. Brown v. General Services Administration, 425 U.S. 820, 832 (1976). The administrative complaint regulations governing federal employee discrimination actions based on age and disability require that a complainant bring his grievance to the attention of an Equal Employment Opportunity counselor within 30 days of the discriminatory event or personnel action, before filing a complaint with the agency. 29 C.F.R. § 1613.214(a)(i) (1988); 29 C.F.R. § 1613.511. Link's complaint does not allege exhaustion of this remedy, nor does it allege any reason for nonexhaustion.
 
 
 4
 Link's claim of age discrimination arises under Section 15 of the Age Discrimination in Employment Act (ADEA). 29 U.S.C. § 633a. The ADEA provides Link with a second option, other than filing an administrative complaint, for pursuing his age discrimination claim. Link could have brought a civil suit in federal court, provided that he filed with the EEOC a notice of intent to sue at least 30 days prior to bringing the suit. A notice of intent to sue must be filed within 180 days after the occurrence of the alleged discriminatory event. 29 U.S.C. § 633a(d). Link's complaint does not allege exhaustion of this remedy, nor any reason for nonexhaustion. The district court properly dismissed his complaint for failure to exhaust administrative remedies.
 
 
 5
 AFFIRMED.
 
 
 6
 PREGERSON, Circuit Judge, concurring in part and dissenting in part.
 
 
 7
 I agree that the district court correctly dismissed Mr. Link's handicap discrimination claim. But I believe the court was premature in its dismissal of Mr. Link's age discrimination claim. Although Mr. Link failed to file his age discrimination claim within the 180 days required by the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 633a(d), a court may equitably modify an ADEA limitations period when the modification serves the Act's policies. See Naton v. Bank of California, 649 F.2d 691, 696 (9th Cir.1981). The ADEA is remedial, humanitarian legislation which should be liberally construed in order to effectuate Congress's intent to end age discrimination in employment. Id. (quoting Dartt v. Shell Oil Co., 539 F.2d 1256, 1260 (10th Cir.1976), aff'd by equally divided court, 434 U.S. 99 (1977)). Strict compliance with the Act's time limitations should not be required of laypersons attempting to enforce their statutory rights. See id.
 
 
 8
 Mr. Link should be allowed to amend his complaint to allege a basis for equitable modification of the limitations period concerning his age discrimination claim. I therefore respectfully dissent from the decision to affirm dismissal of this claim.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3