**Thomas E. RUECKERT and Barbara Rueckert, Plaintiffs,**

v.

**Larry GORE, et al., Defendants.**

**No. 83 C 1399.**

United States District Court,
N.D. Illinois, E.D.

May 7, 1984.

Russell J. Stewart, Park Ridge, Ill., for plaintiffs.

James R. Carroll, Edward J. Moran, Asst. U.S. Atty., Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

WILLIAM T. HART, District Judge.

Plaintiffs, Thomas E. Rueckert and Barbara Rueckert, bring this action against two Internal Revenue Service ("IRS") agents and three Illinois Department of Revenue ("IDOR") agents,[1] seeking damages for unauthorized disclosure of information contained on their federal tax returns. Subject matter jurisdiction exists pursuant to 28 U.S.C. 1331(a). Venue is proper in this district, where the plaintiffs' claim arose. 28 U.S.C. 1391(b). Currently before the Court are the cross-motions of all parties for summary judgment.

### Facts

Thomas Rueckert is employed by the IDOR as a revenue fraud agent. During the relevant time periods, the IDOR had a policy forbidding revenue fraud agents from accepting outside employment without prior authorization. After another IDOR revenue agent informed Dunn that Rueckert was receiving outside income from his practice as an attorney, Dunn initiated an investigation of Rueckert's possible outside employment activities. Dunn inspected Rueckert's personnel file, discovering that the IDOR had not authorized Rueckert to engage in outside employment, then reviewed Rueckert's Illinois income tax returns. His review disclosed that Rueckert's adjusted gross income for the years 1978, 1979, and 1980 was in excess of the salary paid him by the IDOR. To determine the composition of Rueckert's income for those years, Dunn requisitioned copies of Rueckert's federal income tax returns. Either Gore or Spencer approved Dunn's request at the IRS Center in Kansas City, Missouri.

As part of the investigation, Dunn assigned IDOR agent Groeper to interview Rueckert. Groeper interviewed Rueckert and prepared a memorandum containing the substance of that interview. After receiving the federal tax returns, Dunn incorporated information from the returns into the memorandum[2] originally prepared by

---

1. The two IRS defendants are Larry Gore ("Gore") and Ron Spencer ("Spencer"), both IRS Disclosure Clerks. The three IDOR defendants are: J. Thomas Johnson ("Johnson"), Director of Revenue for the State of Illinois Department of Revenue; Richard E. Dunn ("Dunn"), Inspector In Charge of IDOR's Internal Security Division; Kenneth Groeper ("Groeper"), Inspector for the IDOR.

2. Dunn also received information relating to the contents of Mrs. Rueckert's federal tax return because both she and Rueckert file a joint return. However, the information relating to Mrs. Rueckert's tax liability was not incorporated into the memorandum in question.

Groeper. This memorandum was published to Johnson and others at the IDOR.

## Discussion

Plaintiffs initiated this action pursuant to section 7217 [3] of the Internal Revenue Code ("IRC"), which provides for a private cause of action as follows:

> (a) Whenever any person knowingly, or by reason of negligence, discloses a return or return information (as defined in section 6103(b)) with respect to a taxpayer in violation of the provisions of section 6103, such taxpayer may bring a civil action for damages against such person, and the district courts of the United States shall have jurisdiction of any action commenced under the provisions of this section.

26 U.S.C. § 7217. However, damages are not recoverable where the disclosure resulted from "a good faith, but erroneous, interpretation of 6103." 26 U.S.C. 7217(b).

Subsection 6103(a) sets forth a general rule that "returns" and "return information" [4] are confidential, and may not be disclosed by officers or employees of the United States, or other individuals with access to such information, "except as authorized by this Title." 26 U.S.C. § 6103(a). Subsections 6103(c)–(g) set out exceptions to the general rule of nondisclosure, including the "tax administration" exception at issue in this action. Subsection 6103(d) states that return and return information:

> shall be open to inspection by or disclosure to any State agency, body or commission ... which is charged under the laws of such state with responsibility for the administration of state tax laws for the purpose of, and only to the extent necessary in, *the administration of such laws* ... (emphasis added).

**3.** Plaintiffs also seek relief under 18 U.S.C. § 1905 and 26 U.S.C. 7213. However, those statutes do not provide for a private cause of action and so, those claims are dismissed. Subsequent to the initiation of this action, section 7217 was repealed, Pub.L. 97–248, Title III, § 357(b)(1); 96 Statutes at Large 646. However, the repeal is effective as to disclosures made after September 3, 1982, well after the date of disclosure in this case.

## State Defendants

### A. Defendant Groeper

■ Groeper is named as a defendant in this action because his name appears on the memorandum which contained excerpts of the Rueckerts' tax returns and on the federal form requesting copies of their returns. Groeper does not deny that his name appears on the request or the memorandum. In deposition testimony, Groeper and Dunn both indicated that Groeper prepared a preliminary memorandum for Dunn which consisted solely of the contents of an interview Groeper had with Rueckert. Dunn later incorporated the return information into a final draft and signed Groeper's name. Groeper further states that he neither saw the returns nor the final draft of the memorandum. Plaintiffs have not attempted to directly controvert either Groeper or Dunn's statements, relying solely upon Groeper's signature on the final memo to establish his possession and publication of their federal tax information.

The fact that Groeper's name appears on the report may create an inference that he saw the report and had possession of the Rueckerts' tax information, but the statements of Groeper and Dunn rebut that inference. *Posey v. Skyline Corp.*, 702 F.2d 102 (7th Cir.1983). Since plaintiffs present no other evidence of Groeper's possession of their federal tax information, it is proper to grant summary judgment for defendant Groeper.[5]

### B. Defendants Dunn and Johnson

■ Defendants assert in their motion for summary judgment that all the disclosures alleged in the complaint were authorized by the "tax administration" exception

**4.** The terms "return" and "return information," as defined in sections 6103(b)(1) and (2) encompass the disclosures here at issue.

**5.** Defendant Groeper would be entitled to judgment in his favor even if he had seen the tax returns because, as discussed later in this opinion, he is entitled to assert a good faith defense.

contained in 26 U.S.C. § 6103(d). Dunn and Johnson argue that investigating the conduct of state revenue agents such as Rueckert is within the ambit of state "tax administration".[6] The court cannot agree that an investigation by state taxing authorities to enforce a personnel regulation prohibiting moonlighting is "tax administration" within section 6103.

Subsection 6103(b)(4)(i) defines the term "tax administration" as:

the administration, management, conduct, direction, and supervision *of internal revenue laws or related statutes* (or equivalent laws or related statutes of a state) and tax conventions to which the United States is a party. (emphasis added)

The legislative history of the Tax Reform Act of 1976, of which section 6103 is a part, indicates that the overriding purpose of the confidentiality provisions of section 6103 was to protect federal tax returns and return information from misuse by federal and state agencies. S.Rep. No. 94–938, 94th Cong., 2d Sess. 316–18 (1976), reprinted in [1976] U.S.Code Cong. & Ad.News, pp. 2897, 3439. Of paramount concern to Congress was the preservation of the taxpayer's privacy and his right to be free from unwarranted governmental intrusion into his personal affairs. 122 Cong.Rec. 24012–13 (1976) (Remarks of Senators Dole and Weicker) ("Remarks"). In particular its goal was to stop various governmental agencies from using the IRS as a virtual "lending library of confidential tax information." Remarks at 24013 (Senator Weicker).

█ Congress demonstrated its dissatisfaction with the manner in which state governments were protecting the privacy of taxpayers, by enacting section 6103, to "tighten the rules under which state governments receive tax data," Remarks at 24013 (Senator Weicker). "Returns can be

seen by certain other people where they have a legitimate right to know; for example, for purposes of *state tax administration, to collect taxes owed to the state* governments under their income tax laws." Remarks at 23998 (Senator Long) (emphasis added). Therefore, it is commensurate with legislative intent to limit the meaning of "state tax administration" to those circumstances where some state tax liability is at issue. That definition excludes enforcement of IDOR personnel regulations.

Defendants cite the cases of *United States v. Mangan,* 575 F.2d 32 (2d Cir.1978) and *Davidson v. Brady,* 559 F.Supp. 456 (W.D.Mich.1983), for the proposition that the term "tax administration" should be given a broad reading. While those Courts used expansive language to describe "tax administration", both cases involved tax related fraud investigations. In *Mangan* the court permitted the Government to use the tax returns of an IRS agent to prove its charges of mail fraud and filing false claims against the United States when he obtained unjustified refunds in the names of other taxpayers. The disclosures in *Mangan* had some nexus with the collection of money due to the IRS. Similarly, the disclosure in *Davidson* occurred when Government attorneys attached excerpts of Davidson's federal income tax returns to their briefs, submitted at his sentencing hearing, as evidence that Davidson had falsified his financial statements to obstruct the collection of estate tax. In the present case Rueckert was not alleged to have engaged in tax fraud and the disclosure of his return information had no similar nexus to the collection of taxes.

The term "tax administration" does not give state agencies charged with collecting revenue carte blanche authority to obtain confidential tax return information whenever they so desire. Merely because these agencies collect taxes does not permit them

---

**6.** Defendant Dunn argues that his investigation of Rueckert was two-pronged, seeking information as to: (i) whether Rueckert accurately reported his taxable income; and (ii) whether Rueckert had violated the IDOR regulation against outside employment. The former seems

to be an after-the-fact rationalization. There is no evidence of record that *prior to making the request* for Rueckerts' federal tax information Dunn's purpose for obtaining the federal tax returns was other than to conduct an investigation of Rueckert's employment activities.

to label every aspect of their operations as "tax administration." In the enforcement of their personnel regulations, state taxing agencies have no better standing than do other state agencies.

█ Although the disclosure of tax return information here was made in violation of section 6103, no liability will attach under section 7217 if the disclosure was made in a good faith but erroneous interpretation of section 6103. 28 U.S.C. 7217(d). A public official acts in good faith if his "conduct [did] not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982); *Johnson v. Brelje,* 701 F.2d 1201, 1210 (7th Cir.1983). The statutes dealing with disclosure of federal tax return information to state officials are not unambiguous, and case authority construing these statutes is sparse. The case law that does exist arguably supports defendants' interpretation of section 6103. Although this court rejects the notion that state "tax administration" permits use of federal tax return information for personnel investigations, the defendants could have reasonably and in good faith believed that the disclosures were authorized.

In sum, although plaintiffs have established that the disclosure of their return information for a personnel check was violative of section 6103, defendants Dunn and Johnson are entitled to judgment in their favor because they mistakenly but in good faith believed that section 6103(d) permitted the disclosure of return information for the purposes of conducting a personnel investigation of a revenue fraud agent. 26 U.S.C. § 7217(b).

### Federal Defendants

█ Defendants Spencer and Gore are employed by the IRS at its Kansas City Service Research Branch, where they receive and approve requests for tax return information from state officials. They examine such requests to determine whether all pertinent information is included and whether the person requesting the federal tax return is authorized to receive it. The request forms require the requestor to identify the reason for the request, by choosing among three pre-printed explanations on the form: (1) "to verify capital gains transactions"; (2) "to determine all income and expenses for tax fraud investigation"; (3) "other (specify)". In the "Reason Requested" section of the request form, Dunn selected the "other" box and listed the reason for the request as "to establish sources of income." Either Gore or Spencer verified that Dunn had authority to request the information and then sent him the returns.

Plaintiffs allege that defendants acted in bad faith when they gave Dunn the tax information because Dunn gave the reason for the request as "other" rather than "to determine all income and expenses for tax fraud investigation." Plaintiffs argue that defendants knew or should have known that the information requested by Dunn was not for a tax fraud audit because that choice was not selected on the form.

However, the reason articulated by Dunn for the request, "to establish sources of income," contains nothing that would alert the defendants to the fact that the information was going to be used for a personnel investigation or for any other improper purpose. This is not to say that IRS disclosure clerks are free to blindly accept whatever reason is given on a request. Good faith conduct on their part should consist of investigating request forms which contain questionable reasons for the request. In the future it may be desirable to fully investigate all request forms in which the "other" box is marked.

Moreover, Spencer and Gore would be entitled to summary judgment even had they known at the time of disclosure that the information was going to be used for a personnel investigation by Dunn. As with the State defendants, section 7217(b) insulates Gore and Spencer from liability for the disclosures they made with a good faith belief that section 6103(d) applied. As discussed more fully above, a reasonable person at the time of the disclosure would not

know that the disclosure of tax return information to State tax officials for a personnel investigation of a revenue agent was a violation of plaintiffs' clearly established rights.

IT IS THEREFORE ORDERED that summary judgment is granted in favor of defendants Dunn, Johnson, Groeper, Spencer and Gore and against plaintiffs Thomas E. Rueckert and Barbara Rueckert. This action is dismissed.