918 F.2d 180
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Eldridge LOVELACE, Plaintiff-Appellant,
v.
Howard PETERS, III, Allan Wisely, Joseph Galassi and Michael
P. Lane, Defendants-Appellees.
 No. 88-2343.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 15, 1990.*
Decided Oct. 24, 1990.
 
 Before CUMMINGS and POSNER, Circuit Judges, and PELL, Senior Circuit Judge.
 
 ORDER
 
 1
 Pro Se Plaintiff-Appellant Eldridge Lovelace, while an inmate incarcerated at the East Moline Illinois Correctional Center ("East Moline"), brought suit under 42 U.S.C. Sec. 1983, seeking compensatory and punitive damages and declaratory and injunctive relief. Lovelace alleged that the defendants violated his rights under the Eighth and Fourteenth Amendments by disregarding his medical and personal hygiene needs while he was a transfer inmate at the Logan Illinois Correctional Center ("Logan"). Lovelace also claimed that the defendants violated his equal protection rights by subjecting him to discriminatory treatment during his stay as a transfer inmate at the Centralia Illinois Correctional Center ("Centralia"). The defendants filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). The district court converted the defendants' motion to a motion for summary judgment. Fed.R.Civ.P. 12(b). The defendants' summary judgment motion was granted, and Lovelace appeals. For the reasons stated below the order of the district court is affirmed.
 
 I.
 
 2
 Lovelace was incarcerated at East Moline in 1985. In September of that year, Lovelace was transferred to Logan, spent the night there and was then transferred to Centralia. Lovelace was held at Centralia until September 26, 1985, at which time he appeared before Magistrate Gerald B. Cohn in the United States District Court in an action unrelated to this present suit. The events involving this case occurred while Lovelace was a transfer inmate at Logan and Centralia from September 18, 1985 until September 26, 1985.
 
 
 3
 Lovelace claims that he was subjected to cruel and unusual punishment in violation of the Eighth Amendment during his overnight stay at Logan. Lovelace states that prison officials were deliberately indifferent to his serious medical condition, by not informing health care officials at Logan that Lovelace needed insulin to treat his diabetic condition. He also claims that while at Logan he was denied personal hygiene cosmetics that were provided to other prisoners.
 
 
 4
 During his one week stay at Centralia, Lovelace alleges his constitutional right to equal protection was violated as follows: (1) that he had to wear yellow coveralls when the other inmates wore blue denim clothing; (2) that he was only allowed shortened day room privileges, while the other inmates were allowed longer day room privileges; (3) that he was given restricted recreational hours; and (4) that he was housed in a receiving unit rather than the facilities accorded the other prisoners.
 
 II.
 
 5
 A court can grant summary judgment only where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). We review the district court's entry of summary judgment de novo. Greer Properties, Inc. v. LaSalle National Bank, 874 F.2d 457, 459 (7th Cir.1989). In determining whether a genuine issue of material fact exists, all facts and inference must be drawn in the light most favorable to the non-moving party. Smart v. State Farm Ins. Co., 868 F.2d 929, 931 (7th Cir.1989). To obtain a reversal of a grant of summary judgment an appellant must affirmatively show that there is a genuine issue for trial. Id. "[A] bare contention that an issue of fact exists is insufficient to raise a factual issue." Posey v. Skyline Corp., 702 F.2d 102, 105 (7th Cir.1983).
 
 
 6
 There appears to be no genuine issue of material fact in this case. The defendants submitted an affidavit to the district court admitting the many facts alleged by Lovelace, R.Doc. No. 18, but they contend, that Lovelace's allegations, even if taken as true, do not amount to an Eighth Amendment or equal protection violation.
 
 
 7
 The remaining issue is whether the defendants were entitled to judgment as a matter of law. Deliberate indifference to serious medical needs of prisoners constitutes cruel and unusual punishment in contravention of the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). In order to recover for an Eighth Amendment violation, a plaintiff must show that the defendants acted with deliberate indifference to a serious medical need and deliberately subjected him to pain and discomfort. Id., at 104-106. The district court found that the defendants' actions with regard to the plaintiff's medical needs did not meet the "deliberate indifference" test as outlined in Estelle. We agree. Lovelace suffered no injury and received his insulin shot once he requested it.
 
 
 8
 With regard to appellant's claim, under either the Eighth Amendment or the equal protection clause, that he was not given hygiene cosmetics he does not allege in his complaint nor on appeal that he requested these items and they were denied to him. Prisons are not required to provide and prisoners can not expect to receive "the services of a good hotel." Harris v. Fleming, 839 F.2d 1232, 1235 (7th Cir.1988). In Harris, the court found no constitutional violation when prison officials failed to provide a prisoner with toilet paper for five days, and soap, a toothbrush, and toothpaste for ten days. Id. In this case Lovelace had to do without the hygiene cosmetics for the one night he spent at Logan. The constitution does not mandate that prisoners be comfortable. Caldwell v. Miller, 790 F.2d 589 (7th Cir.1986). No constitutional violation occurred by the failure of prison officials to provide the appellant with hygiene cosmetics during his brief stay at Logan.
 
 
 9
 Lastly, the defendants admit that while the appellant was incarcerated at Centralia he was distinguished in four respects from the general population of inmates. However, defendants contend that their actions were for security reasons, to readily distinguish the different security classifications of the inmates. Since maintaining security within a prison is reasonably related to a legitimate governmental purpose, Bell v. Wolfish, 441 U.S. 520, 540 (1979), the procedure is "reasonably related to legitimate penological" interests, Turner v. Safly, 482 U.S. 78, 87 (1989), and prison officials "have broad administrative and discretionary authority over the institutions they manage," Meriwether v. Faulkner, 821 F.2d 408, 414 (7th Cir.1987), the appellant's rights were not unconstitutionally infringed, while a transfer inmate, when he was denied privileges that general population inmates were granted. Defendants were entitled to judgment as a matter of law.[1]
 
 
 10
 Accordingly, the order of the district court granting the defendants' motion for summary judgment is
 
 
 11
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Rule 34(a), Fed.R.App.P.; Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 To the extent that the plaintiff-appellant attempts to raise a due process issue, it was not raised in his complaint or before the district court and therefore cannot be raised for the first time on appeal. Patrick v. Jasper, 901 F.2d 561, 566 (7th Cir.1990)