Wolfgang P. SEIBT, individually, Ilse Seibt, Andreas Seibt, Corinna Seibt and Wolfgang P. Seibt, as Trustee for the MDSC Pension Plan, Plaintiffs,

v.

Sherwood G. PETERSON, individually, Sherwood G. Peterson, d/b/a Financial Planning Services, Lowell Hagan, Jr., Paul S. Bast, John L. Woolley, Jackie Mason, Trans World Entertainment Network, Inc. and J.M.S., Ltd., Defendants.

No. 83 C 4814.

United States District Court,
N.D. Illinois, E.D.

Feb. 21, 1985.

Andrew B. David, Robert P. Bramnik, Judith I. Byrd, Arvey, Hodes, Costello & Burman, Chicago, Ill., for plaintiffs.

Melvyn M. Weisberg, Wendy S. Klein, Weisberg & Miller, Donald L. Johnson, Marty L. Schwartz, Johnson & Schwartz, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiffs Wolfgang, Ilse, Andreas and Corinna Seibt ("the Seibts") bring this action against the eight defendants for violations of the federal and Illinois securities laws and for common law fraud.[1] Presently before the Court is the Seibts' motion for summary judgment on Count V of the amended complaint against defendant Jackie Mason ("Mason"), in which the Seibts allege that the sales to them of limited partnership interests in J.M.S., Ltd. violated the antifraud and registration provisions of the Illinois Securities Law of 1953, Ill. Rev.Stat. ch. 121½, § 137.1 *et seq.* For the reasons set forth below, the motion for summary judgment is granted.

Summary judgment, of course, is appropriate only when the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R. Civ.P. 56(c). The burden of demonstrating that no genuine issue of material fact exists rests on the movant. *Korf v. Ball State University*, 726 F.2d 1222, 1226 (7th Cir.1984). For the purpose of determining whether any material fact remains disputed, a court must view the evidence, and the inferences to be drawn from the evidence, in the light most favorable to the party opposing summary judgment. *Id.; Big O Tire Dealers, Inc. v. Big O Ware-*

---

1. Jurisdiction is asserted under 15 U.S.C. § 78aa and principles of pendent jurisdiction.

*house,* 741 F.2d 160, 163 (7th Cir.1984). Any inferences, however, must be reasonably drawn. *Korf,* 726 F.2d at 1226; *Posey v. Skyline Corp.,* 702 F.2d 102, 104 (7th Cir.1983), *cert. denied,* — U.S. —, 104 S.Ct. 392, 78 L.Ed.2d 336 (1983).

Count V of the amended complaint alleges that the Seibts have the right to rescind the sales of J.M.S., Ltd. partnership interests to them and to recover civil remedies under Ill.Rev.Stat. ch. 121½, § 137.13. Virtually all of the elements of this claim are undisputed. The Seibts have alleged, and have shown through affidavits and documents, that they purchased securities in J.M.S., Ltd. on or about July 21, 1980, and that they still own these securities. The sales of these securities, however, were never registered in Illinois. The Seibts also claim, and Mason does not contest, that they made a timely demand on Mason for the rescission of their purchases and thereafter initiated this suit in a timely manner.

The sole argument Mason makes is that he is not a general partner of J.M.S., Ltd. and therefore cannot be found liable to the Seibts under Section 137.13.[2] Indeed, although the Seibts have offered evidence indicating that Mason might be held liable as a partner, Mason has produced contrary evidence which shows that he at least never intended to be considered or held out to others to be a J.M.S., Ltd. partner. Thus, there is a genuine issue of material fact as to whether Mason ever was or appeared to be a partner.

However, the Seibts have identified other grounds for holding Mason liable under Section 137.13 to which Mason completely fails to respond. The statute states that the following persons may be found liable:

"the issuer, controlling person, underwriter, dealer or other person by or on behalf of whom said sale was made, and each underwriter, dealer or salesperson who shall have participated or aided in any way in making such sale...." In addition to asserting that Mason is liable as a general partner of the issuer, the Seibts claim that Mason should be deemed to be a controlling person, a person on behalf of whom the sales were made and an underwriter or promoter.

The Illinois statute defines the term "controlling person," in the case of unincorporated issuers, as "any person selling a security, or group of persons acting in concert in the sale of a security, who directly or indirectly controls the activities of the issuer." Ill.Rev.Stat. ch. 121½, § 137.2–4. The status of controlling person was discussed in more detail in a recent Illinois Appellate Court decision, *Froehlich v. Matz,* 93 Ill.App.3d 398, 48 Ill.Dec. 781, 417 N.E.2d 183 (3d Dist.1981). The court stated that a controlling person need not always take overt action, but "there must be some showing of assent, approval or concurrence, albeit tacit approval, in the action of the group in selling securities, before an individual will be held liable for the actions of the controlling group." *Id.,* 93 Ill. App.3d at 406, 48 Ill.Dec. at 788, 417 N.E.2d at 190. Mason's own deposition testimony shows that he not only tacitly approved of the J.M.S., Ltd. partnership interest sales, but he also took overt action by appearing at investors' parties to promote himself and his show and to solicit more investments. The only reasonable inference from this testimony is that Mason *was* a controlling person as defined by Illinois statute and case law.[3]

---

**2.** Mason actually raises one other, purely procedural, objection: he argues that the Seibts' motion must be denied because they failed to comply with Local Rule 12(e) of this District. We disagree. Although the Seibts did not file a *separate* statement of the material facts as to which they contend there is no genuine issue, they summarized the uncontested facts in a single paragraph of their motion for summary judgment. Moreover, Mason himself failed to submit a statement of genuine factual disputes

as required by Local Rule 12(f). We thus decline to deny the Seibts' motion on this procedural basis.

**3.** Mason's actions in concert with the others who sold J.M.S., Ltd. partnership interests, coupled with the fact that Mason expected to receive at least part of the funds solicited from the investors, also supports holding Mason liable under Section 137.13 as an underwriter, pro-

For these reasons, Mason is liable under Section 137.13. Accordingly, the Seibts' motion for summary judgment against Mason on Count V of the amended complaint is granted. It is so ordered.

moter or a person on whose behalf the sale was     made.