**Lu Ann SELGADO, Plaintiff,**

v.

**AMERICAN FEED & LIVESTOCK CO., INC., Defendant.**

No. 85–C–379.

United States District Court, E.D. Wisconsin.

Feb. 7, 1986.

Joseph Radtke, Milwaukee, Wis., for plaintiff.

Gary P. Lantzy, Kohner, Mann & Kailas, Milwaukee, Wis., for defendant.

## DECISION AND ORDER

CURRAN, District Judge.

The plaintiff in the above-captioned diversity case is bringing claims for compensatory and statutory damages under theories of negligence and strict liability.[1] The defendant, American Feed and Livestock Company, Inc., removed the case to this court from the Circuit Court of Milwaukee County. The defendant then answered and moved for summary judgment on the ground that the plaintiff has failed to state a claim upon which relief can be granted. *See* Federal Rules of Civil Procedure 12(b)(6) & 56. This motion is now fully briefed and ready for decision.

The plaintiff, Lu Ann Selgado, claims that she fed the defendant's feed to 112 calves which subsequently died of malnutrition. She alleges that the feed was defective and that it was negligently prepared or labeled in violation of Agriculture chapter 18 of the Wisconsin Administrative Code. She seeks $100,000.00 damages for lost profits, expenses while attempting to raise the dying calves, and loss of future earnings from damage to her reputation in the veal raising business. She also asks for double damages and reasonable attorney fees pursuant to Wisconsin Statute § 100.-20(5) (1983–1984), which provides:

Methods of competition and trade practices. (1) Methods of competition in business and trade practices in business shall be fair. Unfair methods of competition

in business and unfair trade practices in business are hereby prohibited.

(2) The department, after public hearing, may issue general orders forbidding methods of competition in business or trade practices in business which are determined by the department to be unfair. The department, after public hearing, may issue general orders prescribing methods of competition in business or trade practices in business which are determined by the department to be fair.

(3) The department, after public hearing, may issue a special order against any person, enjoining such person from employing any method of competition in business or trade practice in business which is determined by the department to be unfair. The department, after public hearing, may issue a special order against any person, requiring such person to employ the method of competition in business or trade practice in business which is determined by the department to be fair.

(4) The department of justice may file a written complaint with the department alleging that the person named is employing unfair methods of competition in business or unfair trade practices in business or both. Whenever such a complaint is filed it shall be the duty of the department to proceed, after proper notice and in accordance with its rules, to the hearing and adjudication of the matters alleged, and a representative of the department of justice designated by the attorney general may appear before the department in such proceedings. The department of justice shall be entitled to judicial review of the decisions and orders of the department under ch. 227.

(5) Any person suffering pecuniary loss because of a violation by any other person of any order issued under this section may sue for damages therefor in any court of competent jurisdiction and shall recover twice the amount of such

---

1. The defendant also assumes that the plaintiff is making a breach of warranty claim. The court cannot find any language in the Complaint which supports this assumption, so it will be disregarded. *See* Brief in Support of Motion for Summary Judgment at 2.

pecuniary loss, together with costs, including a reasonable attorney's fee.

(6) The department may commence an action in circuit court in the name of the state to restrain by temporary or permanent injunction the violation of any order issued under this section. The court may in its discretion, prior to entry of final judgment make such orders or judgments as may be necessary to restore to any person any pecuniary loss suffered because of the acts or practices involved in the action, provided proof thereof is submitted to the satisfaction of the court. The department may use its authority in ss. 93.14 and 93.15 to investigate violations of any order issued under this section.

The court fails to discern how this statute applies to this lawsuit.

American Feed, an Illinois corporation, argues that Selgado did not have any ownership or property interest in the calves and that she was not the purchaser of the feed. Furthermore, she did not suffer any damage to her person or to her own property. Consequently, under Wisconsin law she cannot recover economic losses from the seller of the feed. The defendant has submitted the deposition of the plaintiff in support of its motion and points out that Selgado testified that she is an independent contractor and that she entered into a verbal contract with Dutch Veal Growers to raise its veal calves. American Feed says that, contrary to the allegation in the complaint, the feed was sold and delivered to Dutch Veal Growers not to Selgado.[2] American Feed concludes that under Wisconsin law the plaintiff cannot recover because she was neither the owner of the calves nor the purchaser of the allegedly defective product. *See Leadfree Enterprises v. United States Steel Corporation*, 711 F.2d 805 (1983).

The plaintiff also relies on her unverified deposition to show that the feed was shipped directly to her. She argues that

Wisconsin courts have allowed tenants to collect damages from an architect for defects in a building, *see A.E. Investment Corporation v. Link Builders, Inc.*, 62 Wis.2d 479, 214 N.W.2d 764 (1974), and that pure economic loss from a defective product was also found to be compensable in another case. *See La Crosse v. Schubert, Schroeder & Associates*, 72 Wis.2d 38, 240 N.W.2d 124 (1976). Selgado maintains that in her case she is not seeking damages for pure economic loss because she is making a claim for injury to her business reputation.

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment shall be granted if the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Korf v. Ball State University*, 726 F.2d 1222, 1226 (7th Cir.1984). The party moving for summary judgment has the burden of establishing that there is no genuine issue of material fact. *Egger v. Phillips*, 710 F.2d 292, 296 (7th Cir.), *cert. denied*, 464 U.S. 918, 104 S.Ct. 284, 78 L.Ed.2d 262 (1983). For the purpose of determining whether any material fact remains disputed, the inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Fitzsimmons v. Best*, 528 F.2d 692, 694 (7th Cir.1976). These inferences must, however, be reasonably drawn. *Posey v. Skyline Corporation*, 702 F.2d 102, 104 (7th Cir.), *cert. denied*, 464 U.S. 960, 104 S.Ct. 392, 78 L.Ed.2d 336 (1983).

To create a question of fact, an adverse party responding to a properly made and supported summary judgment motion must set forth specific facts showing that there is a genuine issue for trial ... A party may not rest on mere allegations or denials of his pleadings; similarly, a bare contention that an issue of fact exists is insufficient to raise a factual issue.

---

**2.** This deposition was not submitted by affidavit or other verification, so the court cannot consider its contents as competent evidence in connec-

tion with this motion. *See Martz v. Union Labor Life Insurance Company*, 757 F.2d 135, 138 (7th Cir.1985).

*Id.* at 105 (citations omitted). The existence of a factual dispute does not necessarily preclude summary judgment unless the disputed fact is outcome determinative under the governing law. *Egger,* 710 F.2d at 296. A "material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the parties' differing versions of the truth." *Admiralty Fund v. Hugh Johnson & Co.,* 677 F.2d 1301, 1306 (9th Cir.1982).

Applying these principals of law to the facts presented, the court will determine whether Selgado has properly stated a viable negligence or product liability claim under Wisconsin law, which must be applied under the circumstances of this diversity action. Although the question of who bought the feed from American Feed appears to be in dispute, this fact is not material to a resolution of this motion. The injury was to the calves and her complaint does not allege that she owned the calves. Under the uncontested facts established here, liability of the defendant is clearly precluded under either a negligence or product liability theory. In *Leadfree Enterprises v. United States Steel Corporation,* the Seventh Circuit affirmed an order of the district court dismissing a case against suppliers and builders of a bridge which had to be closed due to defects, thus interrupting the plaintiff's business. The district court had ruled that "under Wisconsin law a plaintiff cannot recover [in negligence] unless he has suffered physical injury, property damage, or damage to something in which he has at least some ownership or property interest. 711 F.2d at 807. The trial court had also observed that Wisconsin has "adopted section 402A of the Restatement (Second) of Torts, which states that liability extends to bodily injury or damage to property owned by the plaintiff." *Id.* at 808. The court of appeals adopted these conclusions and went on to point out that in *A.E. Investment* the plaintiff-tenants had a leasehold property interest in the damaged building and that in *City of LaCrosse v. Schubert* the plaintiff-city owned the defective product which was damaged. *Id.* at 808–09.

In this case the plaintiff did not have a property interest in the calves that were injured. Therefore, the court rules as a matter of law that she cannot recover for damage to these calves or for any injuries flowing therefrom.

Accordingly, the court ORDERS that the Defendant's Motion for Summary Judgment Pursuant to FRCP 56 (filed October 18, 1985) IS GRANTED.

IT IS FURTHER ORDERED that the defendant's Motion for Order Barring the Use of Expert Testimony by Plaintiff (filed January 16, 1986) IS DENIED because it is moot.

IT IS FURTHER ORDERED that the plaintiff's Motion for Modification of Scheduling Order (filed February 3, 1986) IS DENIED because it is moot.

IT IS FURTHER ORDERED that this action IS DISMISSED.