**MAYS TOWING COMPANY, INC., a corporation, Plaintiff,**

v.

**UNIVERSAL MACHINERY COMPANY, INC. and Caterpillar, Inc., Defendants.**

**and**

**UNIVERSAL MACHINERY COMPANY, Defendant/Third–Party Plaintiff,**

v.

**DRESSER INDUSTRIES, INC., d/b/a Magcobar North American Division, Dresser Industries, Inc., Third–Party Defendant.**

No. 86–3452.

United States District Court, S.D. Illinois.

Nov. 19, 1990.

Daryl F. Sohn, John R. Halpern, Goldstein & Price, St. Louis, Mo., for Mays Towing Co., Inc.

Mark G. Zellmer, Husch, Eppenberger, Donohue, Cornfeld & Jenkins, St. Louis, Mo., for Universal Machinery Co., Inc.

Frank N. Gundlach, Theodore J. Williams, Jr., Armstrong, Teasdale, Schlafly, Davis & Dicus, St. Louis, Mo., for Caterpillar, Inc.

John I. Schaberg, Roberts, Perryman, Bomkamp & Meives, Belleville, Ill., Gary W. Bomkamp, St. Louis, Mo., for Dresser Industries, Inc.

## MEMORANDUM AND ORDER

STIEHL, District Judge:

This matter is before the Court on defendant Caterpillar Inc.'s motion for summary judgment pursuant to Fed.R.Civ.P. 56. Defendant has also moved, in the alternative, for partial summary judgment and certification of issues to the Seventh Circuit for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Defendant Universal Machinery Company, has filed identical motions, and has joined Caterpillar's Brief in Support of its Motion for Summary Judgment; therefore, the Court will consider the motions collectively.

## I.  BACKGROUND

In 1979, defendant Caterpillar sold certain engines it manufactured to Dresser Industries, Inc. Dresser stored these engines, and in February, 1983, sold them to Universal. In August, 1983, defendant Universal sold the Caterpillar engines to plaintiff, who installed these engines in its river towboat M/V Peggy Mays. On Au-

gust 10, 1984, the M/V Peggy Mays caught fire and was destroyed.

Plaintiff subsequently filed this action in admiralty against defendants Universal and Caterpillar, asserting three products liability tort claims against the defendants. The second amended complaint seeks recovery against both defendants in each of the three counts. Count I is framed in maritime strict liability, Count II sounds in negligent design and/or manufacture, and Count III alleges failure to warn. Plaintiff alleges that the fire on the M/V Peggy Mays was caused by a fuel line break in one of the Caterpillar manufactured engines.

The Court denied defendants' prior motion for summary judgment on the ground that summary judgment would not lie, because plaintiff was seeking recovery in tort only for damages to property other than the engines themselves.

Defendants now move for summary judgment on the ground that plaintiff is precluded from seeking recovery based in tort for the losses associated with either the engines or the vessel. Plaintiff's second amended complaint seeks damages for "the total loss of the M/V Peggy Mays, costs of fighting the fire, surveying expenses, and other miscellaneous expenses." Each count seeks $500,000, plus prejudgment interest. In its brief in opposition to the motions for summary judgment, plaintiff asserts that included among the damages it can recover is the loss of the engines themselves. Plaintiff theorizes that because the contracted-for engines damaged property other than themselves, recovery can be had for all damaged property. Plaintiff asserts that defendants are merely rehashing old arguments previously considered and denied by the Court.

Plaintiff's argument is, in part, correct. The defendants have reasserted issues decided in the Court's previous ruling. However, plaintiff's second amended complaint does, in fact, raise claims related to the loss of the engines. This Order, therefore, clarifies the Court's previous ruling with respect to the specific remedies available to plaintiff under the facts here presented.

## II. STANDARD OF REVIEW

■ Fed.R.Civ.P. 56(c) provides that a district court shall grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In determining whether a district court properly granted summary judgment, "[a]ll factual inferences are to be taken against the moving party and in favor of the opposing party." *International Admin., Inc. v. Life Ins. Co. of N. Am.*, 753 F.2d 1373, 1378 (7th Cir.1985). In instances in which "inferences contrary to those drawn by the trial court might be permissible," a district court's grant of summary judgment must be reversed. *Munson v. Friske*, 754 F.2d 683, 690 (7th Cir.1985). Once a motion for summary judgment has been made and properly supported, however, the nonmovant does have the burden of setting forth specific facts showing the existence of a genuine issue of a material fact for trial. *See* Rule 56(e); *Posey v. Skyline Corp.*, 702 F.2d 102, 105 (7th Cir.), *cert. denied*, 464 U.S. 960, 104 S.Ct. 392, 78 L.Ed.2d 336 (1983), (noting that "a bare contention that an issue of fact exists is insufficient to raise a factual issue"). Although a requisite, the existence of a factual dispute is not, standing alone, sufficient to bar summary judgment. It is well settled that a "factual dispute does not preclude summary judgment unless ... the disputed fact is outcome determinative under the governing law." *Egger v. Phillips*, 710 F.2d 292, 296 (7th Cir.), *cert. denied*, 464 U.S. 918, 104 S.Ct. 284, 78 L.Ed.2d 262 (1983), as cited in *Shlay v. Montgomery*, 802 F.2d 918, 920 (7th Cir.1986).

## III. ANALYSIS

A. *Recovery Under Strict Product Liability or Negligent Design and Manufacture (Counts I and II)*

■ In *East River Steamship Corp. v. Transamerica Delaval, Inc.*, 476 U.S.

858, 106 S.Ct. 2295, 90 L.Ed.2d 865 (1986), the Supreme Court was called upon to decide whether a cause of action in strict products liability could be maintained "when a defective product purchased in a commercial transaction malfunctions, injuring only the product itself and causing purely economic loss." *East River Steamship Corp. v. Transamerica Delaval Inc.*, 476 U.S. 858, 859, 106 S.Ct. 2295, 2296, 90 L.Ed.2d 865. The Supreme Court answered in the negative, and held that "a manufacturer in a commercial relationship has no duty under a negligence or strict products liability theory to prevent a product from injuring itself." *Id.* at 871, 106 S.Ct. at 2302. The Court concluded that recovery for "damage to a product itself is most naturally understood as a warranty claim." *Id.* The Court stated that tort recovery for damages to the product itself would undermine the policy to "keep products liability and contract law in separate spheres and to maintain a realistic limitation on damages." *Id.* Thus, only damage to other property would be recoverable in tort.

Since there were no damages to other property or persons, and only to the product itself, the Supreme Court limited recovery to that recoverable under contract law. *Id.* at 867, 106 S.Ct. at 2300. Therefore, under *East River*, it is essential, for the resolution of the motion, that the Court identify the product contemplated by the parties, and whether damages were suffered beyond the product itself.

In the case at bar, the defendants assert that once Caterpillar's engines were installed on plaintiff's towboat, the engines became integrated with the boat itself. By this, defendants attempt to place the facts of this action within *East River*, in which the Court found that the turbine components were integrated with the turbine, that is, the product itself. *Id.* at 867, 106 S.Ct. at 2300. Thus, defendants contend that the boat is the product, and that damages to the boat are recoverable under a contract/warranty theory, and not in tort. This argument, however, is not persuasive in light of the facts of this case. Plaintiff did not contract with the defendants to build a boat. Unlike *Shipco 2295, Inc. v.*

*Avondale Shipyards, Inc.*, 825 F.2d 925, 928 (5th Cir.), *cert. denied*, 485 U.S. 1007, 108 S.Ct. 1472, 99 L.Ed.2d 701 (1987), in which the parties contracted for a completed vessel, the M/V Peggy Mays was not the product for which the parties bargained. Furthermore, the fact that Caterpillar's engines were installed on plaintiff's boat does not make the boat itself the object of the contract.

Plaintiff and defendants bargained for the engines, not the construction of a vessel. "[G]iving recognition to the manufacturer's bargain, warranty law sufficiently protects the purchaser by allowing it to obtain the benefit of its bargain." *East River*, 476 U.S. at 873, 106 S.Ct. at 2303. The plaintiff, by virtue of its commercial transaction with the defendants, may therefore recover the value of the engines for which it bargained only under contract law, in accordance with the terms of its contract.

Under the holding in *East River*, plaintiff is precluded from recovering in strict products liability, or under negligent design or manufacture, for damages to the engines. Plaintiff's sole remedy for the value of the engines lies under contract law. *East River*, 476 U.S. at 867, 106 S.Ct. at 2300. However, plaintiff may seek recovery for damage to property other than the engines themselves under the tort theories of strict product liability or negligent design and/or manufacture. Here, those damages would be the damage to the M/V Peggy Mays.

### B. *Failure to Warn*

■ Plaintiff also seeks recovery for the engines and vessel under a failure to warn theory in Count III. *East River* emphasized the distinction between contract and tort law, and limited recovery to the terms of the contract when the product itself was damaged.

Plaintiff argues that it may recover under a failure to warn theory if the alleged failure to warn occurs after the sale of the product. The defendants, on the other hand, contend that plaintiff cannot allege a failure to warn claim for events occurring

before or after the sale of Caterpillar's engines. Defendants cite *Nicor Supply Ships Assocs. v. General Motors*, 876 F.2d 501 (5th Cir.1989), in which the court dismissed plaintiff's failure to warn claim.

The focus of *Nicor*, however, was on the policy underlying *East River*, and not on the timing of the alleged failure to warn. The Fifth Circuit was primarily concerned with the plaintiff's efforts to circumvent *East River* by attempting to recover for the product itself [a completed vessel] under a tort theory not addressed in *East River*. *Nicor*, 876 F.2d at 503. Similarly, this Court will not permit the plaintiff to circumvent *East River* and recover damages for the engines themselves based on a failure to warn theory. Plaintiff is precluded from recovery for damages to the product itself under any products liability tort theory. This conclusion is logically derived from *East River*.

Plaintiff, however, may proceed on its failure to warn claim for those damages to property other than the engines. Both parties contend that whether a failure to warn claim exists is dependent on when the alleged tortious conduct occurred. (See, *Miller Indus. v. Caterpillar Tractor Co.*, 733 F.2d 813 (11th Cir.1984), decided before *East River*, in which the Eleventh Circuit recognized a failure to warn claim for conduct occurring after the sale and manufacture of the product; see also, *Nicor*, 876 F.2d at 505 in which the Fifth Circuit explicitly left this issue unresolved.) *East River* addresses only the type of damages recoverable under a products liability versus contract theory, and did not delineate the products liability theories which fall within its holding. Therefore, plaintiff may proceed on its failure to warn theory with respect to damages to the M/V Peggy Mays, but may not recover for damages to the engines under that theory.

## IV. CONCLUSION

Accordingly, the Court GRANTS defendants' motion for partial summary judgment. Judgement is entered in favor of defendants and against plaintiff on Counts I, II, and III of the amended complaint with respect to plaintiff's claims for damages to the engines themselves. Defendants' motion for summary judgment is DENIED with respect to plaintiff claims in Counts I, II, and III for damages to property other than the engines.

The Court further GRANTS defendants' motion for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). The Court finds that its Order involves the following controlling questions of law as to which there are substantial grounds for differences of opinion:

1. Whether under the Supreme Court's reasoning and holding in *East River Steamship Corp. v. Transamerica Delaval, Inc.*, 476 U.S. 858, 106 S.Ct. 2295, 90 L.Ed.2d 865 (1986), the plaintiff may recover under tort liability in admiralty for its claims related to all the damages to the M/V Peggy Mays caused by the allegedly defective engines installed in the vessel; or

2. Whether the plaintiff may recover in tort liability in admiralty for damages to the vessel, except for damages to the engines themselves?

The Court further finds that an immediate appeal of this Order may materially advance the ultimate termination of this litigation. The Court STAYS further proceedings in this Court pending resolution of the interlocutory appeal.

IT IS SO ORDERED.