Malcolm Maurice CEMOND, Plaintiff,

v.

Robert SMITH, Richard Schryver, Gary
Jarzen, Rod Presier and Peter
West, Defendants.

No. 89 C 02162.

United States District Court,
N.D. Illinois, E.D.

Nov. 19, 1990.

Malcolm Maurice Cemond, Menard, pro
se.

Dennis G. Walsh, Klein Thorpe & Jenkins, Eric Samore, Susan L. Hovey, Stephen G. Loverde, Querrey & Harrow, Chicago, for defendants.

MEMORANDUM OPINION
AND ORDER

ASPEN, District Judge:

The plaintiff Malcolm Maurice Cemond brought this *pro se* action alleging numerous civil rights violations and seeking compensatory and injunctive relief under 42 U.S.C. § 1983 (1988). On May 31, 1990, we dismissed all of Cemond's claims under Rule 12(b)(6) except for an excessive post-arrest detention claim against defendant Robert Smith, an officer of the Oak Lawn Police Department. *Cemond v. Smith*, slip op., No. 89 C 02162, 1990 WL 77990 (N.D. Ill. May 31, 1990). Smith has now moved for summary judgment on Cemond's remaining claim. Defendants Jarzen and Preiser have also moved to have our May 31, 1990 order dismissing the claims against them made final and appealable under Rule 54 of the Federal Rules of Civil Procedure. For the following reasons we grant Smith's motion for summary judgment and enter final judgment on all of the claims we earlier dismissed.

I.

We pointed out in an earlier opinion that when post arrest administrative steps have been completed, the police must take the suspect before a magistrate to

establish probable cause, or they must release him. This process raises constitutional concerns if the suspect is held for a period longer than necessary before being brought before the magistrate. Although there is no standard for determining what time period is reasonable, the Seventh Circuit has held that a four hour detention at least requires some explanation. *Gramenos [v. Jewel Companies, Inc.]* 797 F.2d [432] at 437 (7th Cir.1986); *Moore [v. Marketplace Restaurant, Inc.]* 754 F.2d [1336] at 1350–52. [ (7th Cir.1985) ] *See also Mustfov v. Rice,* 733 F.Supp. 283 (N.D.Ill.1990). *Cemond,* slip op. at 6. Cemond had alleged in his complaint that he was unconstitutionally detained for an unreasonable period of time—three days—between postarrest administrative steps and appearance in front of a judge. Consequently, assuming the correctness of Cemond's allegations, we determined that a three day delay at least merits further inquiry. *Id.* In making this inquiry on summary judgment, we are concerned with the question as to whether the period of detention was imposed for the purpose of punishment or whether it was simply an incident of some other legitimate governmental purpose. *See Moore v. Marketplace Restaurant, Inc.,* 754 F.2d 1336, 1350 (7th Cir.1985); *Mustfov v. Rice,* 733 F.Supp. 283, 299 (N.D. Ill.1990).

The following facts are undisputed. Smith arrested Cemond on Saturday January 16, 1988 and transported him to the Oak Lawn Police Station. That arrest was for attempted theft by Cemond at a K–Mart store.[1] While Cemond was undergoing routine processing, including fingerprint verification, Smith further investigated the crime. Smith searched Cemond's car and discovered television sets alleged to have been stolen from a Venture store in Oak Lawn. Smith subsequently had a felony charge of theft approved by the State's Attorney's office and filed felony charges against Cemond.

In accordance with established procedure, persons arrested and charged with a felony are brought before the appropriate felony preliminary hearing court for a bond hearing. The Village of Oak Lawn holds its bail and bond hearings at the Circuit Court of Cook County, Fifth Municipal District, which closes down for the weekend at 12:00 p.m. on Saturdays. Cemond was not arrested until after 6:00 p.m. on Saturday, January 16, 1988. Therefore, the next available felony bond hearing which Cemond could attend was not scheduled until Monday January 18, 1988, at 9:00 a.m. Cemond was released from the custody of the Oak Lawn Police Department at 8:30 a.m. on that date in order to attend that hearing.

According to Smith, these undisputed facts establish that there were legitimate governmental reasons why Cemond was detained for a day and a half and that these facts cannot give rise to any inference that Cemond was detained for the purpose of punishment or that his detention was otherwise unreasonable. Having made this showing, Smith maintains that Cemond has failed to meet his responsive burden on summary judgment by presenting evidentiary facts sufficient to dispute that Smith's conduct was reasonable and lawful. *See Posey v. Skyline Corp.,* 702 F.2d 102, 106 (7th Cir.1983).

Cemond, however, has asserted the following additional facts which we find material to our resolution of the motion for summary judgment. Cemond has testified by affidavit that after his arrest on January 16, 1990, he was not officially charged with any offense, not given a bond, and

---

**1.** Cemond dedicates much of his response and his statement of material fact to matters surrounding the circumstances and validity of his arrest for attempted theft and theft. We have already dismissed that portion of Cemond's complaint which was brought as a collateral attack upon his conviction. *See Cemond,* slip op. at 5–6. *See also Currier v. Baldridge,* 914 F.2d 993, 996 (7th Cir.1990). Thus, such matters are immaterial to the narrow claim we consider at this time. We are not concerned here with whether Cemond's arrest was valid. Given the posture of this case, the validity of the arrest is something we must presume. The sole issue before us is whether any genuine issues of fact exist as to the length and reasonableness of Cemond's period of detention following his arrest.

was denied a phone call. Cemond Aff. at ¶ 7. Cemond further has testified that "persons arrested and charged with a misdemeanor within the Village of Oak Lawn are processed by the Oak Lawn Police Department in accordance with established procedure and thereafter given the appropriate misdemeanor bond without having to be brought before a preliminary hearing court for a bond hearing." Cemond Aff. at ¶ 12. Cemond also makes the point that the felony charges were not filed against him until some time on Sunday, January 17, 1990. Cemond Aff. at ¶ 9. Smith has not specifically contested any of these factual assertions.[2] In connection with these assertions, however, Cemond has not disputed the fact that Smith was entitled to keep Cemond in custody pending a bond hearing on the felony charges. Nor has Cemond raised any issue of fact concerning the reasonableness of the length of the routine processing on the misdemeanor charge.

■ Thus, drawing all inferences in the light most favorable to Cemond, the opposing party, we construe Cemond's only viable theory of recovery to be that Smith held Cemond longer than reasonably necessary on an initial misdemeanor arrest in order to keep Cemond in custody on the chance that he would discover evidence sufficient to bring the felony charges. We believe that such an action, if established, would constitute an abuse of process of constitutional magnitude.

■ This theory of recovery raises two issues that may nevertheless be dispositive of the motion for summary judgment. The first issue is whether any time actually existed between the completion of Cemond's routine postarrest processing for attempted theft and the subsequent filing of felony charges against Cemond. If no gap in time existed, then Cemond has nothing to complain about. Neither party has directly confronted this question. Yet, considering the facts we do know in the light most favorable to Cemond, we find that the fact that the felony charges were not filed until Sunday supports an inference that the charges came after the time when postarrest procedures on the misdemeanor charge should have been completed. Thus, this point is not dispositive of the motion for summary judgment.

■ The second potentially dispositive issue is whether Smith had reason to hold Cemond until Monday on the misdemeanor charges alone. Cemond contends that under the routine procedures of the Oak Lawn Police Department he would have been released on bond without having to be brought before a judge. Cemond, however, has not provided the entire picture. Smith has testified that he did a routine check on Cemond's background while Cemond was initially being held and found that Cemond had been previously arrested in the City of Chicago on June 30, 1986, for aggravated criminal sexual assault. Smith further learned that there was an outstanding bond forfeiture warrant issued which indicated that Cemond had failed to appear in court relating to that charge. Although Cemond has denied the existence of any outstanding warrant or charges against him, Smith has provided a certified copy of the arrest warrant upon which he relied.

Smith has testified that on January 16, 1988 it was the procedure of the Oak Lawn Police Department, when it learned that a misdemeanor arrestee had an outstanding bond forfeiture warrant against him relating to a previous charge, to contact the appropriate police agency and hold such aresteee until that police agency arrives to take the arrestee into its custody. Smith further explained that he held Cemond as long as he did in order to "ensure Smith's presence at trial." *See Duran v. Elrod*, 542 F.2d 998, 999 (7th Cir.1976). Smith

---

**2.** Cemond has further testified that after being released from the custody of the Oak Lawn Police Department on Monday, January 18, 1990, he was taken to the Cook County Jail. He was not brought before a judge for his preliminary hearing until 9:00 a.m. on Wednesday, January 20, 1988, or on Friday, January 22, 1988. Cemond Aff. at ¶ 15. Even assuming the truth of this testimony, the fact remains undisputed that Cemond was released from the Oak Lawn Police Station at the earliest opportunity for a hearing. Thus, any delay in his appearance before a judge after that time cannot be attributed to Smith.

**716**

maintains that it was reasonable to infer that Cemond, a fugitive with respect to a previous charge, would likewise fail to appear in court relating to the new charges levied against him. Thus, although Cemond may be correct in his statement of Oak Lawn Police policy concerning detention of misdemeanor arrestees in general, that policy did not apply to this circumstance, given the outstanding warrant against him. Smith's unrefuted affidavit testimony establishes that no genuine issue of fact exists as to whether it was unreasonable to detain Cemond. Accordingly, we grant summary judgment in favor of Smith.

## II.

Jarzen and Preiser have moved to have our May 31, 1990 order dismissing the claims against them made final and appealable under Rule 54. Since we have found that Smith, the remaining defendant, is entitled to summary judgment, there is no reason to postpone entry of final judgment on all of the claims we had dismissed.

### Conclusion

We grant summary judgment in favor of Smith, and enter final judgment on the action. It is so ordered.