**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3482-23

MERLIN'S KIDS, INC.,
and JANICE WOLFE,

     Plaintiffs-Appellants,

v.

KEVORK ADANAS, PC,

     Defendant-Respondent.

_____

Argued March 25, 2025 – Decided May 5, 2025

Before Judges Gilson and Augostini.

On appeal from the Superior Court of New Jersey, Essex County, Law Division, Docket No. L-5586-23.

Scott B. Piekarsky argued the cause for appellants (Offit Kurman, PA, attorneys; Scott B. Piekarsky, of counsel and on the briefs).

Lisa O. Adelsohn argued the cause for respondent (Milber Makris Plousadis & Seiden, LLP, attorneys; Lisa O. Adelsohn and Emily A. Wernicke, on the brief).

PER CURIAM

In this legal malpractice action, plaintiffs, the former clients, appeal from a May 31, 2024 order dismissing their complaint against defendant, a law firm, because their claims were barred by the six-year statute of limitations. Because the undisputed material facts establish that plaintiffs knew of the alleged legal malpractice and the possibility of damages more than six years before they filed their complaint, we affirm.

## I.

We discern the material facts from the record, giving plaintiffs "the benefit of 'every reasonable inference of fact.'" Baskin v. P.C. Richard & Son, LLC, 246 N.J. 157, 171 (2021) (quoting Dimitrakopoulos v. Borrus, Goldin, Foley, Vignuolo, Hyman & Stahl, P.C., 237 N.J. 91, 107 (2019)).

In 2008, plaintiff Janice Wolfe retained the law firm of Kevork Adanas, P.C. (defendant or Kevork, P.C.) to assist her in forming a non-profit entity, Merlin's Kids, Inc. (Merlin's Kids). In their complaint, plaintiffs explain that Merlin's Kids was set up to rescue and rehabilitate domestic animals, primarily dogs and horses, and to train dogs to be service dogs. Plaintiffs also state that Merlin's Kids was set up for charitable purposes and was to operate as a tax-exempt entity under section 501(c)(3) of the Internal Revenue Code.

A-3482-23

In October 2008, Kevork, P.C. filed a certificate of incorporation for Merlin's Kids with the New Jersey Division of Revenue. Kevork, P.C. did not file, nor did it advise Wolfe to file, a registration for Merlin's Kids as a charitable organization with the Division of Consumer Affairs (the Division) of the New Jersey Office of the Attorney General. All charitable organizations that operate in New Jersey are required to register and file an annual statement with the Division. See N.J.S.A. 45:17A-23(a).

On March 25, 2014, the Division sent plaintiffs a notice advising them that Merlin's Kids was not properly registered with the Division as required by law. That notice was set forth in a letter sent to plaintiffs by certified mail and there is no dispute that plaintiffs received the notice. The letter told plaintiffs that "[a] charitable organization, unless exempt, must file a registration statement annually." The letter then explained:

> Be advised that failure to satisfy the registration may result in further action by the Division. Until registration requirements are met, your organization is not properly registered with the State of New Jersey. Accordingly, please complete and return the enclosed registration form with the required documentation and fee (where applicable) by 04-25-2014[.] If you have questions regarding this notice or the initial registration process, please call our office at (973)273-8065 and our staff will be happy to assist you.

On December 18, 2020, the Attorney General and Acting Director of the Division (collectively, the AG) sued Wolfe and Merlin's Kids for failure to register Merlin's Kids as a charity as required by N.J.S.A. 45:17A-23(a). In support of its complaint, the AG, through an investigator, certified that Merlin's Kids had submitted an initial registration application for fiscal year 2017 on February 12, 2019. The investigator also represented that he had located a February 18, 2011 letter issued by the Internal Revenue Service (IRS) to plaintiffs notifying them that the IRS had determined that Merlin's Kids had qualified as a tax-exempt organization under section 501(c)(3) of the Internal Revenue Code.

On April 27, 2022, the AG, Wolfe, and Merlin's Kids entered an order stipulating partial final judgment in favor of the AG. In that stipulated order, Wolfe and Merlin's Kids admitted that (1) they had operated Merlin's Kids as a charity for the years 2011 through 2016, without registering as a charitable organization; (2) they had solicited and received charitable contributions for the years 2011 through 2016, without registering as a charitable organization; and (3) they would be subject to civil penalties, disgorgement, and attorneys' fees, which would be determined by the court at a later date.

On August 29, 2023, plaintiffs sued Kevork, P.C. for legal malpractice. In their complaint and amended complaint, plaintiffs asserted that Kevork, P.C. had failed to advise them to register Merlin's Kids as a charitable organization with the State of New Jersey and that because of defendant's negligence, plaintiffs "ha[d] sustained and [would] sustain more damages as a result of [defendant's] negligence." In that regard, plaintiffs made the following allegations:

> 6. In or about December of 2020, Plaintiffs were sued by the NJ Attorney General's Office for failing to file and register as a charitable entity with the Consumer Affairs Division of the Attorney General's Office and for failing to follow specific statutes and regulations governing charitable entities in the State of New Jersey.
>
> 7. Plaintiffs are now exposed to monetary sanctions, fines and attorney's fees for not having registered and followed the said laws.
>
> 8. Plaintiffs relied upon Defendant to provide the proper advice and counsel in setting up and running a New Jersey charitable organization.
>
> 9. Defendant deviated from accepted standards of practice by failing to advise Plaintiffs of the need to register the charity and follow statutes and regulations pertaining to such entities.
>
> 10. As a direct, proximate and substantial factor of Defendant['s] negligent conduct, Plaintiffs have

A-3482-23

sustained and will sustain more damages as a result of Defendant['s] negligence.

In response to plaintiffs' complaint, defendant moved to dismiss, contending that the legal malpractice claims were barred by the applicable six-year statute of limitations. On May 31, 2024, the motion court heard arguments and then issued an oral decision and written order granting defendant's motion and dismissing the amended complaint with prejudice.

The motion court held that a legal malpractice claim accrues when an attorney's breach of professional duties causes a plaintiff damages. The court also held that under the discovery rule, a legal malpractice claim begins to accrue when a plaintiff knows of, or should have known of, the attorney's breach of his or her professional duties and the injury to plaintiff. The court then found that plaintiffs knew, or should have known of, their legal malpractice claim on March 25, 2014, when they received the notice of non-registration from the Division.

II.

Plaintiffs now appeal from the May 31, 2024 order dismissing their amended complaint with prejudice. They make one argument, contending that the motion court erred in applying the discovery rule and that their action was timely because they first learned of defendant's fault and that they would incur

6

damages when the AG sued them on December 18, 2020. We reject that argument because the material, undisputed facts establish that plaintiffs knew of defendant's alleged malpractice and the potential for damages in March 2014.

Appellate courts use a de novo standard when reviewing an order dismissing a complaint. Baskin, 246 N.J. at 171. In conducting that review, we assume that the allegations in the pleadings are true and afford the pleader all reasonable factual inferences. Seidenberg v. Summit Bank, 348 N.J. Super. 243, 249-50 (App. Div. 2002). When certifications and materials beyond the pleadings are submitted in support of the motion to dismiss, we treat the motion as a motion for summary judgment. R. 4:6-2; Roa v. Roa, 200 N.J. 555, 562 (2010) (citing R. 4:6-2). Summary judgment will be granted when "the competent evidential material submitted by the parties," viewed in the light most favorable to the non-moving party, shows that there are no "genuine issues of material fact" and that "the moving party is entitled to summary judgment as a matter of law." Grande v. St. Clare's Health Sys., 230 N.J. 1, 24 (2017) (quoting Bhagat v. Bhagat, 217 N.J. 22, 38 (2014)). If there are no genuine issues of fact, we then decide whether the trial court's ruling on the law was correct. RSI Bank v. Providence Mut. Fire Ins. Co., 234 N.J. 459, 472 (2018). The trial court's

legal determinations are afforded no special deference. Ibid. (quoting Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co., 224 N.J. 189, 199 (2016)).

A claim of legal malpractice is subject to a six-year statute of limitations. McGrogan v. Till, 167 N.J. 414, 419 (2001) (citing numerous cases applying N.J.S.A. 2A:14-1). "Ordinarily, a cause of action 'accrues when an attorney's breach of [his or her] professional duty proximately causes a plaintiff's damages.'" Vastano v. Algeier, 178 N.J. 230, 236 (2003) (quoting Grunwald v. Bronkesh, 131 N.J. 483, 492 (1993)).

"The discovery rule is an equitable doctrine created by the courts to protect unsuspecting persons from statutory limitations periods during which a claim must be brought or forever lost." Dunn v. Borough of Mountainside, 301 N.J. Super. 262, 273 (App. Div. 1997). Under the discovery rule, a claim does not accrue until the plaintiff "discovers, or by an exercise of reasonable diligence and intelligence should have discovered that he [or she] may have a basis for an actionable claim." Lopez v. Swyer, 62 N.J. 267, 272 (1973). "[A] professional malpractice claim accrues when: (1) the claimant suffers an injury or damages; and (2) the claimant knows or should know that its injury is attributable to the professional negligent advice." Circle Chevrolet Co. v. Gordano, Halleran & Ciesla, 142 N.J. 280, 296 (1995) (citing Grunwald, 131 N.J. at 494).

A-3482-23

The New Jersey Supreme Court has explained: "That the damages may be uncertain does not delay accrual. 'It is not necessary that all or even the greater part of the damages have to occur before the cause of action arises.'" Vision Mortg. Corp. v. Patricia J. Chiapperini, Inc., 156 N.J. 580, 586 (1999) (quoting Grunwald, 131 N.J. at 495). Moreover, the limitations period begins to run when a plaintiff knows of the fault and injury and "not necessarily when a plaintiff learns the legal effect of those facts." Grunwald, 131 N.J. at 493. See also Lapka v. Porter Hayden Co., 162 N.J. 545, 555-56 (2000) (explaining that courts "impute discovery if the plaintiff is aware of facts that would alert a reasonable person to the possibility of an actionable claim; medical or legal certainty is not required").

"Whether a cause of action is barred by a statute of limitations is a question of law, also reviewed de novo." Catena v. Raytheon Co., 447 N.J. Super. 43, 52 (App. Div. 2016). "The application of the discovery rule is for the court, not a jury, to decide." Ibid.

In this matter, plaintiffs' legal malpractice action accrued in March 2014. Moreover, under the discovery rule, plaintiffs were aware of defendant's alleged breach of professional duty and the potential for damages in March 2014. The letter from the Division told plaintiffs that they had failed to register Merlin's

9

Kids as a charitable organization with the Division. Plaintiffs were also expressly told that "failure to satisfy the registration may result in further action by the Division." So, in March 2014, plaintiffs knew that defendant had failed to register Merlin's Kids with the Division and that they could be subject to enforcement actions. Moreover, a reasonable inquiry would have informed them of the potential for civil penalties and attorneys' fees they faced. These are the penalties that plaintiffs now seek in this action. Because plaintiffs waited until August 2023 to sue defendant, the six-year statute of limitations had already run, and their claim was time-barred.

We reject plaintiffs' arguments that their cause of action only accrued in December 2020 when the AG sued them. The AG's enforcement action in 2020 was a direct follow up to the March 25, 2014 letter from the Division. Indeed, the March 25, 2014 letter put plaintiff's on notice that they were "exposed to monetary sanctions," which is the damages claimed in their malpractice action.

We also reject plaintiffs' argument that the discovery rule tolled their cause of action until the court in the AG action imposed penalties and damages on them. In making that argument, plaintiffs rely on the Grunwald decision. Plaintiffs, however, have misread the Grunwald decision and it does not support their position.

In Grunwald, a client retained defendants, an attorney and his law firm, to negotiate an option agreement for the sale of real property in Atlantic City to Resorts International Hotel and Casino, Inc. (Resorts). 131 N.J. at 487-88. The attorney prepared an option agreement and a contract of sale for Resorts' approval. Id. at 488. Resorts signed the option agreement and the contract. Ibid. The attorney then informed the client that Resorts had entered an enforceable contract to buy the property. Ibid. Based on that advice, the client bypassed another opportunity to develop the property. Ibid.

Ultimately, Resorts did not exercise the option to buy the property. Ibid. The plaintiff then sued Resorts, seeking specific performance of the contract, or compensatory damages for breach of contract. Ibid. The trial court held that the sale agreement was unenforceable. Ibid. The trial court also held that the client had not acted reasonably in relying on Resorts' signature on the contract of sale. Ibid.

Six years after the trial court's determinations, plaintiff brought a legal malpractice action against his attorney. Ibid. The Supreme Court held that the legal malpractice action was time-barred because the plaintiff's cause of action accrued when he knew of the injury and fault of his attorney. Id. at 499-500. The Court explained that "the statute of limitations begins to run only when the

11

client suffers actual damage and discovers, or through the use of reasonable diligence should discover, the facts essential to the malpractice claim." Id. at 494. The Court quoted the Ninth Circuit by stating: "'It is not necessary that all or even the greater part of the damages have to occur before the cause of action arises.'" Id. at 495 (quoting U.S. v. Guttermann, 702 F.2d 104, 106 (9th Cir. 1983)).

In this matter, plaintiffs knew of their attorney's alleged malpractice when they received the Division's letter on March 25, 2014. Plaintiffs also knew at that time that they were subject to potential penalties, and they certainly could have learned of the potential for those penalties had they conducted any due diligence. Consequently, the holding and rationale of Grunwald supports the trial court's dismissal of plaintiffs' claims based on the statute of limitations.

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Hadley

Clerk of the Appellate Division

12