**Howard D. HARRIS, as Personal Representative of the Estate of Sheila Anderson–Harris, Deceased, Plaintiff,**

v.

**HEALTH & HOSPITAL CORPORATION d/b/a Wishard Memorial Hospital, Defendant.**

No. IP 93–652–C.

United States District Court, S.D. Indiana, Indianapolis Division.

March 16, 1994.

W. F. Conour, Rex E. Baker, Conour Doehrman, Indianapolis, IN, for plaintiff.

Mary M. Lueders, Jerrilyn P. Ramsey, Locke Reynolds Boyd & Weisell, Indianapolis, IN, for defendant.

MEMORANDUM ENTRY

BARKER, Chief Judge.

Plaintiff believes that the Defendant violated the Emergency Medical Treatment and Active Labor Act, see 42 U.S.C. §§ 1395dd et seq., (the "Act"), when it discharged Sheila Anderson–Harris ("Decedent") from its emergency room on the morning of April 24, 1991, following her admission for severe left chest pain. Within two hours after her release, she was returned to the Hospital in cardiac arrest. She died shortly thereafter. The Defendant moves the Court to enter summary judgment in its favor.

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.Proc. 56(c). While the burden rests squarely on the party moving for summary judgment to show "that there is an absence of evidence to support the nonmoving party's case," Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986), the nonmoving party responding to a properly made and supported summary judgment motion still must set forth facts showing that there is a genuine issue of material fact and that a reasonable jury could return a verdict in its favor. See Wolf v. City of Fitchburg, 870 F.2d 1327, 1329 (7th Cir.1989); Posey v. Skyline Corp., 702 F.2d 102, 105 (7th Cir.1983), cert. denied, 464 U.S. 960, 104 S.Ct. 392, 78 L.Ed.2d 336 (1983). Denials contained in the pleadings or bald allegations that an issue of fact exists are insufficient to raise a factual issue. See Shacket v. Philko Aviation, Inc., 681 F.2d 506, 513 n. 8 (7th Cir.1982), rev'd on other grounds, 462 U.S. 406, 103 S.Ct. 2476, 76 L.Ed.2d 678 (1983). "The moving party is 'entitled to a judgment as a matter of law' [if] the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

The Act outlines the "essential elements" for the claim at issue here; it provides in pertinent part:

(b) **Necessary stabilizing treatment for emergency medical conditions and labor**

(1) **In general**

If any individual (whether or not eligible for benefits under this subchapter) comes to a hospital and the hospital determines that the individual has an emergency medical condition, the hospital must provide either—

(A) within the staff and facilities available at the hospital, for such further medical examination and such treatment as may be required to stabilize the medical condition, or

(B) for transfer of the individual to another medical facility in accordance with subsection (c) of this section.

42 U.S.C. § 1395dd(b). In its Order of February 7, 1994, this Court directed the Plaintiff to advise the Court what evidence he has to show that: (1) Wishard's initial evaluation of the Decedent failed to conform to its standard screening procedures, and (2) that Wishard determined that the Decedent had an emergency medical condition and thereafter failed to stabilize that condition before releasing her. The Plaintiff responded by filing a motion to compel and a motion for an extension of time. The Plaintiff subsequently advised the Court that he wished to drop his allegation that the Defendant had failed to abide by its standard screening procedures and that he "will rely solely on the issue of whether the Defendant detected an emergency medical condition and, if so, whether that condition was stabilized before the Plaintiff was discharged from Wishard Memorial Hospital." Plaintiff's "Report to the Court", at 1–2.

▮ A hospital violates the Act by failing to properly stabilize or transfer a patient *after* the hospital determines that the individual has an emergency medical condition. *See* 42 U.S.C. § 1395dd(b); *see also Deberry v. Sherman Hospital Ass'n,* 769 F.Supp. 1030, 1033 (N.D.Ill.1991). An "emergency medical condition" is:

(A) a medical condition manifesting itself by acute symptoms of sufficient severity (including severe pain) such that the absence of immediate medical attention could reasonably be expected to result in—

(i) placing the health of the individual (or, with respect to a pregnant woman, the health of the woman or her unborn child) in serious jeopardy,

(ii) serious impairment to bodily functions, or

(iii) serious dysfunction of any bodily organ or part....

42 U.S.C. § 1395dd(e). The Plaintiff contends that:

[T]here is no dispute that at the time SHELIA was first examined by Dr. Severs at WISHARD she was suffering from an emergency medical condition and that WISHARD knew this since Dr. Severs' differential diagnosis included myocardial infarction and pulmonary embolus, both potentially fatal conditions. WISHARD was unable to determine the specific cause of her emergency medical condition but it nevertheless was initially determined to [sic] emergency medical condition.

Plaintiff's Response Brief, at 4. A "differential diagnosis" is "the determination of which one of two or more diseases a patient is suffering from, by systematically comparing and contrasting their clinical findings." Dorland's Medical Dictionary, 27th Ed., at 461. In essence, Plaintiff attempts to persuade the Court that because myocardial infarction and pulmonary embolus were *possible* diagnoses, Wishard *knew* that the Decedent was suffering from an emergency medical condition. The standard for the imposition of liability under the Act is not whether the hospital fails to properly stabilize or transfer a patient after the hospital determines that the individual *potentially has* an emergency medical condition, it is whether it does so after determining that the individual *has* an emergency medical condition. *See* 42 U.S.C. § 1395dd(b)(1). The Plaintiff has put no evidence before the Court indicating *that Dr. Severs had determined* that on her first visit to the hospital on April 24, 1991, the Decedent was suffering from anything other than what he listed in the medical report as his diagnosis: costochondritis and hyperventilation syndrome. *See* Defendant's Exhibit D.

The uncontroverted evidence indicates that his conclusion was that she was not suffering from an emergency medical condition. *See* Affidavit of John Severs, M.D., at ¶¶ 4, 5. Consistent with this belief, Dr. Severs listed her condition upon release as "stable" and gave her a prescription for Ibuprofen. *See* Defendant's Exhibit D. Whether in fact the Decedent was suffering from an emergency medical condition is irrelevant for purposes of the Act. As is clear from the language of the statute, what matters is the hospital's determination of the patient's medical status. *See* 42 U.S.C. § 1395dd(b)(1) ("If any individual ... comes to a hospital and the hospital determines that the individual has an emergency medical condition....").   The standard is a subjective one.

Because the Plaintiff has failed to produce evidence sufficient to show that the Defendant had determined that the Decedent was suffering from an emergency medical condition at her first visit to the hospital on April 24, 1991, the Court can only conclude that the Plaintiff has not met his burden of setting forth facts showing that there is a genuine issue of material fact and that a reasonable jury could return a verdict in his favor.[1] *See Wolf, supra.* Accordingly, the Defendant's motion for summary judgment is granted.

It is so ORDERED.

---

1. Of course, this applies only to the narrow issue before the Court: whether the Defendant violated the Act. The Court's ruling does not reach the issue of malpractice.